**Joann S. HARRIS, Relator,**

v.

**The Honorable Brunson MOORE, Judge of the 120th District Court of El Paso County, Texas, Respondent.**

No. 08–87–00219–CV.

Court of Appeals of Texas,
El Paso.

Sept. 23, 1987.

Robert Earp, Schwartz, Earp, McClure, Cohen & Stewart, Gordon Stewart, Schwartz, Earp, McClure, Cohen & Stewart, El Paso, for respondent.

Bert Williams, El Paso, for relator.

Before OSBORN, C.J., and SCHULTE and WOODARD, JJ.

## OPINION

WOODARD, Justice.

Plaintiff petitions for writ of mandamus and writ of prohibition directing the judge of the 120th District Court to relinquish jurisdiction of a case to the El Paso County Court at Law No. Two. We so grant.

A personal injury case in the county court resulted in judgment emanating from a structured settlement agreement. The Plaintiff was to receive $450,000.00 cash and substantial post-annual payments. Plaintiff's attorney, Mr. Bert Williams, was awarded $400,000.00 of the cash as attorney's fees. Plaintiff retained a new attorney who sought and received an amended judgment severing the matter of attorney's fees and granting a new trial in this regard only. It was previously ordered that the sum of $448,000.00 be retained in the registry of the court until further order. Subsequently, Mr. Williams filed suit in the 120th District Court for declaratory judgment for his attorney's fee. Plaintiff filed a plea in abatement, citing the pending county court

action. A hearing was held and the judge of the 120th District Court was of the opinion that the severed part was a new cause of action and subject to new filing procedures. The plea in abatement and motion to transfer were overruled. The county and district courts in El Paso County have original concurrent jurisdiction by statute. Tex.Rev.Civ.Stat.Ann. art. 1970–127b (Vernon Supp.1987).

 Rule 41, Tex.R.Civ.P., provides for severance and the docketing of the severed matter as a separate suit. Such action does not have the effect of a dismissal of any part of the cause of action against any of the parties. Their rights and privileges are not thereby enlarged or impaired, but remain the same as they were at the time of severance. It does not constitute a new and independent suit. *Smith v. Strauch,* 96 S.W.2d 554 (Tex.Civ.App.—San Antonio 1936, no writ). The pleadings need not be amended or refiled if the separated cause of action has been pled distinctly. New service of process is not required.

■ The reasoning behind the separate docketing is that a final judgment must dispose of all matters in the case. *Pope v. City of Dallas,* 636 S.W.2d 244 (Tex.App.— El Paso 1982, no writ). There can be only one final judgment in each cause. Rule 301, Tex.R.Civ.P. One separate cause should not be delayed by the action or inaction of another. Although severed, the res controversa remains pending in the court of dominant jurisdiction. This would be to the exclusion of all other coordinate courts. *Curtis v. Gibbs,* 511 S.W.2d 263 (Tex.1974).

■ Mr. Williams denies original jurisdiction to the county court as he was not a party to the suit on trial. Mr. Williams acknowledged, however, that he requested the trial court to set his fee. This was agreed to by the Plaintiff. Jurisdiction can be conferred by agreement of the parties if the court had potential jurisdiction. *Maul v. Williams,* 69 S.W.2d 1107 (Tex.Comm'n App.1934, holding approved).

Mr. Williams made argument that the severance was granted after the matter had been submitted to the trier of fact. This objection would not lie since an order for new trial preceded the severance, making necessary a new submission.

■ Further, $448,000.00 is being held in custodia legis of the county court. A court which has in its possession funds involved in litigation may exercise exclusive jurisdiction over such funds to determine the rights therein, and another court of concurrent or coordinate jurisdiction cannot interfere with such possession and control. 21 C.J.S. Courts, sec. 495, at 755 (1940); *Durham v. Scrivener,* 270 S.W. 161 (Tex. Comm'n App.1925, judgmt adopted); *First Southern Properties, Inc. v. Vallone,* 533 S.W.2d 339 (Tex.1976).

Cause No. 87–2943 in the 120th District Court is hereby ordered to be dismissed.