NO. 07-03-0161-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 24, 2003



______________________________




TIMOTHY LAWRENCE MOORE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 44,846-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION (1)


 Pursuant to a pro se notice of appeal expressing a desire to appeal from a charge
of robbery, this Court assigned the above-referenced cause number. Appellant also filed
notices of appeal from convictions for burglary of a habitation in cause number 07-03-0129-CR and for aggravated robbery in cause number 07-03-0130-CR, which appeals
were abated and the causes remanded to the trial court for further proceedings. However,
by his docketing statement in this appeal, appellant indicates the robbery charge was
dropped. Rule 27.1(b) of the Texas Rules of Appellate Procedure provides that a notice
of appeal is ineffective if filed before the trial court makes a finding of guilt or receives a
jury verdict. Thus, there being no finding of guilt on the charge of robbery, the notice of
appeal is ineffective to invoke the jurisdiction of this Court.

 Accordingly, the purported appeal is dismissed for want of jurisdiction.

 Don H. Reavis

 Justice

 
1. Tex. R. App. P. 47.2(a).



not ignore Warren's contention that this cause falls within an
exception to the rule announced in Abor. The exception pertains to effort by one district
court to interfere with another's jurisdiction. When that occurs, then mandamus may
indeed issue, In re State Bar, 113 S.W.3d at 734, assuming, of course, that the relator has
satisfied every other element for securing the relief. Warren believes that is occurring here
because the 121st purportedly has within its registry or custody funds that constitute part
of the dispute involved in the suits pending in the 99th. 

 It is true that one court may not ordinarily interfere with property held by another
court in custodia legis. First Southern Properties, Inc. v. Vallone, 533 S.W.2d 339, 342-43
(Tex. 1976). So too is it true that this rule is founded upon the premise that the court
possessing the property acquires jurisdiction to entertain all controversies involving the
property. Id. Yet, the question of mandamus and the availability of an adequate legal
remedy in lieu of mandamus was not at issue in Vallone, a case on which Warren relies to
support his contention. Moreover, authority has recognized not only that property may be
held in custodia legis by one court while ownership of that property is resolved by another
but also that the court lacking possession of the res has jurisdiction to continue as long as
it does not disturb the other's possession of the res. Kull v. Brown, 165 S.W.2d 1011, 1014
(Tex. Civ. App.-Texarkana 1942, no writ). And, coincidentally, the latter rule seems to
echo that described in In re State Bar and directing that, for purposes of mandamus, an
appeal is an adequate remedy so long as one court does not issue "an order that directly
interferes with another court's jurisdiction." In re State Bar, 113 S.W.3d at 734 (emphasis
added). 

 Here, we are cited to no evidence of an order by which the 99th tried to obtain
possession of, otherwise exercise any control over, or in any way divest the 121st of the
monies held within its registry. Until such evidence arises and is brought to our attention,
we cannot but hold that appeal is an adequate remedy by which to review the order
denying Warren's motion to abate. See e.g. Eikenburg v. Webb, 880 S.W.2d 781, 782
(Tex. App.-Houston [1st Dist.] 1993, orig. proceeding) (granting mandamus relief because
effort actually was made to remove the funds within the trial court's registry). This seems
especially so when, as here, the suits pending in the 99th involve issues other than simply
ownership of the funds held by the 121st. (1)

 In closing, we recognize the increased expense inherent in trying similar issues
between similar or identical parties in different courts. Yet, the Supreme Court has
provided us with the controlling rules, and we must follow them. Accordingly, the petition
for writ of mandamus is denied.


 Brian Quinn

 Justice

 

 
1. The suits initiated in the 99th by How 1, Inc. encompass causes of action sounding in breached
contract and damages for same, specific performance, breached fiduciary duty and damages for same,
conversion of a partnership interest and damages for same, and injunction. Thus, much more is involved in
the suits than simply who owns the money that Warren deposited with the 121st. And, this circumstance also
distinguishes our case from that before the court in Harris v. Moore, 740 S.W.2d 14 (Tex. App.-El Paso 1987,
orig. proceeding), another case upon which Warren relies. In Harris, the sole issue in the second suit
apparently involved an attorney's attempt to secure a portion of the funds held by another court. Moreover,
nowhere did the court in Harris mention Abor or have the benefit of In re State Bar, both of which held that,
when considering whether to issue a writ of mandamus, an appeal constituted an adequate remedy as long
as one court did not interfere with or issue an order interfering with the jurisdiction of the other. So, Harris is
not persuasive.