NO. 07-04-0094-CV





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JUNE 1, 2004


______________________________



In re: RODNEY WARREN, RWW ENTERPRISES, INC.,



and SPSM, LTD.



 Relators

_________________________________



Original Proceeding


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Rodney Warren, RWW Enterprises, Inc. and SPSM, Ltd. (Warren) petition the court
for a writ of mandamus to compel the Hon. Andrew J. Kupper, 99th Judicial District Court,
Lubbock County (99th), to abate various causes filed in that court pending the final
disposition of various causes filed in the 121st Judicial District Court, Terry County (121st). 
We deny the petition.

 The record before us illustrates that Warren moved the 99th to abate the cases
pending therein. The trial court denied the motion. It is that action that Warren now asks
us to review through mandamus. However, it is clear that mandamus will not lie if the
relator has an adequate remedy at law. See In re State Bar, 113 S.W.3d 730, 733 (Tex.
2003). Furthermore, appeal has been recognized as such a remedy when the relator
seeks review of incidental rulings made by the trial court. Id.; Abor v. Black, 695 S.W.2d
564, 566-67 (Tex. 1985). Within the category of incidental rulings are those denying a plea
or motion to abate. Abor v. Black, 695 S.W.2d at 566-67, quoting Pope v. Ferguson, 445
S.W.2d 950 (Tex. 1969); Coastal Oil & Gas Corp. v. Flores, 908 S.W.2d 517, 518 (Tex.
App.-San Antonio 1995, orig. proceeding). Given this and the fact that Warren asks us to
review the trial court's action viz his plea to abate, we must deny his request.

 In so holding, we do not ignore Warren's contention that this cause falls within an
exception to the rule announced in Abor. The exception pertains to effort by one district
court to interfere with another's jurisdiction. When that occurs, then mandamus may
indeed issue, In re State Bar, 113 S.W.3d at 734, assuming, of course, that the relator has
satisfied every other element for securing the relief. Warren believes that is occurring here
because the 121st purportedly has within its registry or custody funds that constitute part
of the dispute involved in the suits pending in the 99th. 

 It is true that one court may not ordinarily interfere with property held by another
court in custodia legis. First Southern Properties, Inc. v. Vallone, 533 S.W.2d 339, 342-43
(Tex. 1976). So too is it true that this rule is founded upon the premise that the court
possessing the property acquires jurisdiction to entertain all controversies involving the
property. Id. Yet, the question of mandamus and the availability of an adequate legal
remedy in lieu of mandamus was not at issue in Vallone, a case on which Warren relies to
support his contention. Moreover, authority has recognized not only that property may be
held in custodia legis by one court while ownership of that property is resolved by another
but also that the court lacking possession of the res has jurisdiction to continue as long as
it does not disturb the other's possession of the res. Kull v. Brown, 165 S.W.2d 1011, 1014
(Tex. Civ. App.-Texarkana 1942, no writ). And, coincidentally, the latter rule seems to
echo that described in In re State Bar and directing that, for purposes of mandamus, an
appeal is an adequate remedy so long as one court does not issue "an order that directly
interferes with another court's jurisdiction." In re State Bar, 113 S.W.3d at 734 (emphasis
added). 

 Here, we are cited to no evidence of an order by which the 99th tried to obtain
possession of, otherwise exercise any control over, or in any way divest the 121st of the
monies held within its registry. Until such evidence arises and is brought to our attention,
we cannot but hold that appeal is an adequate remedy by which to review the order
denying Warren's motion to abate. See e.g. Eikenburg v. Webb, 880 S.W.2d 781, 782
(Tex. App.-Houston [1st Dist.] 1993, orig. proceeding) (granting mandamus relief because
effort actually was made to remove the funds within the trial court's registry). This seems
especially so when, as here, the suits pending in the 99th involve issues other than simply
ownership of the funds held by the 121st. (1)

 In closing, we recognize the increased expense inherent in trying similar issues
between similar or identical parties in different courts. Yet, the Supreme Court has
provided us with the controlling rules, and we must follow them. Accordingly, the petition
for writ of mandamus is denied.


 Brian Quinn

 Justice

 

 
1. The suits initiated in the 99th by How 1, Inc. encompass causes of action sounding in breached
contract and damages for same, specific performance, breached fiduciary duty and damages for same,
conversion of a partnership interest and damages for same, and injunction. Thus, much more is involved in
the suits than simply who owns the money that Warren deposited with the 121st. And, this circumstance also
distinguishes our case from that before the court in Harris v. Moore, 740 S.W.2d 14 (Tex. App.-El Paso 1987,
orig. proceeding), another case upon which Warren relies. In Harris, the sole issue in the second suit
apparently involved an attorney's attempt to secure a portion of the funds held by another court. Moreover,
nowhere did the court in Harris mention Abor or have the benefit of In re State Bar, both of which held that,
when considering whether to issue a writ of mandamus, an appeal constituted an adequate remedy as long
as one court did not interfere with or issue an order interfering with the jurisdiction of the other. So, Harris is
not persuasive. 



lleging trial court error that may be grouped as follows: 1) denial of appellant’s right
to a jury trial; 2) error in using record from the Associate Judge’s hearing; 3) admission of
evidence regarding meconium drug testing; 4) insufficiency of the evidence to support the
allegations under section 161.001(1)(D), (E) and (O) of the Texas Family Code.


 For the
reasons set forth below, we affirm. 
Procedural and Factual Background
          Appellee, the Texas Department of Protective and Regulatory Services
(Department) took custody of K.C.B. on December 9, 2004. On March 21, 2006, Associate
Judge Phil N. Vanderpool tried the lawsuit. Judge Vanderpool entered an order of
termination of appellant’s parental rights on March 31, 2006. On April 3, 2006, appellant
filed a Notice of Appeal To Referring Court. Subsequently, on April 19, 2006, appellant
filed a Statement of Points Of Error To Be Relied On By Appellant On Appeal. Then on
May 2, 2006, a trial de novo was conducted by the referring court. The referring court, the
trial court below, signed its Order of Termination on December 18, 2006, and it was filed
of record on December 21, 2006. Appellant filed a notice of appeal on January 2, 2007. 
On January 2, 2007, appellant also filed a Statement of Points Of Error To Be Relied On
By Appellant On Appeal.


 This Court originally ruled in an opinion dated October 11, 2007,
that appellant’s issues on appeal had not been preserved for appeal. Subsequently, a
motion for rehearing was filed alleging that the Statement of Points For Appeal had been
timely filed with the trial court. This motion was overruled by the Court. Appellant filed a
petition for review by the Texas Supreme Court, which was granted. Thereafter, the Texas
Supreme Court reversed this Court and remanded the case for consideration of appellant’s
points of error. 
 
Statement of Points for Appeal
          In the Statement of Points for Appeal filed after the trial court issued its judgment
following the trial de novo, appellant alleges the following probable points of appeal:
1) The trial court erred in utilizing the reporter’s record from the hearing by
the Associate Judge in that said reporter’s record was not available for the
hearing on May 2, 2006, which is required to be a trial de novo.
 
2) The trial court erred in delaying ruling on respondent’s objections to
evidence offered in the prior hearing since the reporter’s record was not
available and this was required to be a trial de novo.
 
3) The trial court erred in finding that respondent knowingly placed or
knowingly allowed the child to remain in conditions or surroundings which
endanger the physical or emotional well-being of the child in that the
evidence was insufficient.
 
4) The trial court erred in finding that respondent engaged in conduct or
knowingly placed the child with persons who engaged in conduct which
endangers the physical or emotional well-being of the child in that the
evidence was insufficient.
 
5) The trial court erred in finding that respondent failed to comply with the
provisions of a court order that specifically established the actions necessary
for the mother to obtain the return of the child in that there is no evidence or
insufficient evidence of abuse or neglect of the child.
 
6) The trial court erred in finding that termination of the parent-child
relationship between respondent and the child is in the child’s best interest
in that the evidence is insufficient.
 
7) The trial court erred in using the reporter’s record in any manner on the
trial de novo in that respondent’s previous attorney should have withdrawn
his representation of respondent due to a conflict of interest.
 
8) The trial court erred in using the reporter’s record in any manner in that
respondent’s attorney at the previous hearing provided ineffective legal
assistance to respondent.
 
9) The trial court erred in admitting evidence at the trial de novo the court
reporter’s record of the hearing before the associate judge and the evidence
was insufficient to establish the facts required to terminate the parental
relationship with respondent.
 
10) The trial court erred in proceeding to trial on the trial de novo without
notice to James Edward Brown, the father of the child, and a person affected
by the trial court’s judgment.
 
Although we have points of appeal filed by appellant after the trial de novo, we are still
required to determine if the points of error alleged in the original and supplemental brief are
properly before this court.
Standard of Review
          This appeal is governed by the rules of the Supreme Court regarding accelerated
appeals and the procedures set forth in Subchapter E of Chapter 263 of the Texas Family
Code. § 263.405(a). The Department was named as the managing conservator of K.C.B.
in the trial court’s final order. As such, this order is an order pursuant to Subchapter E,
Chapter 263. Accordingly, any appeal of this final order must comply with the terms of
Chapter 263. Chapter 263 requires that a statement of points on which the party intends
to appeal be filed with the trial court not later than the 15th day after the trial court enters
the final order. § 263.405(b). The statement may be combined with a motion for new trial. 
Id. Finally, the statute provides that the appellate court may not consider any issues not
contained within the referenced statement of points or in conjunction with the motion for
new trial. § 263.405(I).
Analysis
          Applying this statutory scheme to the case before the court results in the inability of
the court to consider all of appellant’s points of error. Those points of error not listed in the
statement of points for appeal filed subsequent to the trial de novo may not be considered
by this court. See In re R.M.R., 218 S.W.3d 863, 864 (Tex.App.–Corpus Christi 2007, no
pet.). The following points of error raised by appellant are not part of the statement of
points for appeal:
Point of Error No. 1: The trial court erred in denying appellant’s request for
a jury trial.
 
Point of Error No. 3: The trial court erred in admitting into evidence the
meconium drug test and results in that such test has not been scientifically
determined to be accurate and there was no evidence concerning the
collection method, the chain of custody, the reliability and methodology used
by the laboratory, and the accuracy of the laboratory results. 
 
Point of Error No. 4: The trial court erred in admitting into evidence the
meconium drug test and results in that the test was performed on the child
without express consent of the parents.
 
Point of Error No. 5: The trial court erred in admitting into evidence the
meconium drug test as it was hearsay.
 
Accordingly, we cannot consider these points of error. See In re R.C., 243 S.W.3d 674,
676-77 (Tex.App.–Amarillo 2007, no pet.). Therefore, appellant’s points of error 1, 3, 4 and
5 are overruled. 
Use of Reporter’s Record
          In Point of Error No. 2, appellant complains about the trial court’s use of the
reporter’s record from the Associate Judge’s trial. Appellant’s contention is that record was
never offered into evidence and was not available at the time of the trial de novo. 
However, a review of the record clearly shows that the issue of the use of the entire record,
to include the court reporter’s record, was discussed prior to the offering of evidence at the
trial de novo. At no time did appellant ever object to the trial court’s use of the reporter’s
record and the question of the lack of availability of that record on the date of the trial de
novo was never raised by anyone. Accordingly, the issue has not been preserved for
appellate review. See Tex. R. App. P. 33.1(a)(1)(A). 
                                 Legal and Factual Sufficiency of the Evidence
          In terminating the parental rights of appellant, the trial court found, by clear and
convincing evidence, that appellant had:
1) knowinglyplaced or knowingly allowed the child to remain in conditions
or surroundings which endanger the physical or emotional well-being of the
child;
 
2) engaged in conduct or knowingly placed the child with persons who
engaged in conduct which endangers the physical or emotional well-being
of the child; and
 
3) failed to comply with the provisions of a court order that specifically
established the actions necessary for the mother to obtain the return of the
child who has been in the permanent or temporary managing
conservatorship of the Department of Protective and Regulatory Services for
not less than nine months as a result of the child’s removal from the parent
under Chapter 262 for the abuse or neglect of the child.
 
Additionally, the trial court found, by clear and convincing evidence, that termination of
parent-child relationship between appellant and the child would be in the child’s best
interest. It is the evidentiary sufficiency for these determinations that appellant is attacking
in Points of Error Nos. 6, 7, 8, 9, and 10. 
Standard of Review
          The natural right existing between parents and their children is of constitutional
dimension. Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination
proceedings must be strictly scrutinized. In re G.M., 596 S.W.2d 846, 846 (Tex. 1980). 
A termination decree is complete, final, irrevocable, and divests for all time that natural
right as well as all legal rights, privileges, duties, and powers with respect to each other
except for the child’s right to inherit. Holick, 685 S.W.2d at 20. Thus, due process requires
application of the clear and convincing standard of proof in cases involving involuntary
termination of parental rights. In re J.F.C., 96 S.W.3d 256, 263 (Tex. 2002). Clear and
convincing evidence is that measure or degree of proof which will produce in the mind of
the trier of fact a firm belief or conviction as to the truth of the allegations sought to be
established. See § 101.007. See also In re G.M., 596 S.W.2d at 847; In re Z.J., 153
S.W.3d 535, 539 (Tex.App.–Amarillo 2004, no pet.). Parental rights, however, are not
absolute, and it is essential that the emotional and physical interests of the child not be
sacrificed merely to preserve those rights. In re C.H., 89 S.W.3d 17, 26 (Tex. 2002). 
          Section 161.001 of the Family Code permits a court to order termination of parental
rights if the petitioner establishes one or more acts or omissions enumerated under
subsection (1) of the statute and also proves that termination of the parent-child
relationship is in the best interest of the child. See § 161.001(2); Holley v. Adams, 544
S.W.2d 367, 370 (Tex. 1976). Though the same evidence may be probative of both
issues, both elements must be established and proof of one element does not relieve the
petitioner of the burden of proving the other. See id.; In re C.H., 89 S.W.3d at 28. 
          In reviewing the legal sufficiency of the evidence to support an order terminating
parental rights, a court should look at all the evidence in the light most favorable to the
finding to determine whether a reasonable trier of fact could have formed a firm belief or
conviction that its finding was true. In re J.P.B., 180 S.W.3d 570, 573 (Tex. 2005) (citing
In re J.F.C., 96 S.W.3d at 266). To give appropriate deference to the factfinder’s
conclusions and the role of a court conducting a legal sufficiency review, looking at the
evidence in the light most favorable to the judgment means that a reviewing court must
assume that the factfinder resolved disputed facts in favor of its finding if a reasonable
factfinder could do so. A corollary to this requirement is that a court should disregard all
evidence that a reasonable factfinder could have disbelieved or found to have been
incredible. This does not mean that a court must disregard all evidence that does not
support the finding. Disregarding undisputed facts that do not support the finding could
skew the analysis of whether there is clear and convincing evidence. Id.
          The standard for reviewing the factual sufficiency of termination findings is whether
the evidence is such that a factfinder could reasonably form a firm belief or conviction
about the truth of the allegations. See In re H.R.M., 209 S.W.3d 105, 108 (Tex. 2006)
(citing In re C.H., 89 S.W.3d at 27). If, in light of the entire record, the disputed evidence
that a reasonable factfinder could not have credited in favor of the finding is so significant
that a factfinder could not reasonably have formed a firm belief or conviction, then the
evidence is factually insufficient. In re H.R.M., 209 S.W.3d at 108 (citing In re J.F.C., 96
S.W.3d at 266). 
          Only one statutory ground is required to terminate parental rights under § 161.001. 
See In re A.V., 113 S.W.3d 355, 362 (Tex. 2003); In re S.F., 32 S.W.3d 318, 320
(Tex.App.–San Antonio 2000, no pet.). Therefore, we will affirm the termination order if the
evidence is sufficient on any statutory ground relied on by the trial court in terminating the
parent-child relationship when there is also a finding that termination is in the child’s best
interest. See In re A.V., 113 S.W.3d at 362.
Analysis 
          Appellant’s points of error 6 and 7 attack the legal and factual sufficiency of the
evidence to support termination under § 161.001(1)(D) & (E).


 Each of these allegations
of the Department deals with endangerment of the physical or emotional well being of the
child. Because the evidence overlaps the two distinct statutory allegations, we will address
both points of error together. 
          When examining the record for purposes of an evidentiary review under §
161.001(1)(D) & (E), endanger has been determined to mean expose to loss or injury or
to jeopardize. See In re M.C., 917 S.W.2d 268, 269 (Tex. 1996). Further, the courts have
held that it is not necessary that the conduct be directed at the child or that the child
actually suffers injury, or even that the conduct constitutes a concrete threat of injury to the
child. In re M.J.M.L., 31 S.W.3d 347, 350 (Tex.App.–San Antonio 2000, pet. denied). The
conduct proscribed involves not only acts, but includes omissions or failures to act. Id. 
          The evidence produced for the trial court included a meconium drug screen on the
child’s diaper which was positive for cocaine, which is evidence of the mother’s drug use
during pregnancy. A mother’s use of drugs during pregnancy may be conduct which
endangers the physical and emotional well being of the child. In re S.M.L.D., 150 S.W.3d
754, 757 (Tex.App.–Amarillo 2004, no pet.). The record further reflected that, during the
time period appellant was trying to effectuate a reunification with the child, she refused to
submit for drug screening on more than one occasion. The trial court may infer from a
refusal to take a drug test that appellant was using drugs. In re J.T.G., 121 S.W.3d 117,
131 (Tex.App.–Fort Worth 2003, no pet.). The evidence at trial reflected that appellant
was aware that a safety plan had been initiated for the protection of the child after the
mother and child were released from the hospital. Further, there was significant testimony
that appellant had violated the safety plan on almost a daily basis. The trial court could
view appellant’s actions in violating the safety plan as conduct that endangered the child. 
See In re Z.J., 153 S.W.3d at 541 (testimony regarding violation of the safety plan part of
the evidence used to prove violation of §161.001(1)(D) & (E)). The trial court also had
before it the evidence that the baby was being kept in a place where there was an active
methamphetamine lab. Despite appellant’s contention that she did not know of the
existence of the methamphetamine lab at the residence where the family lived, the trial
court could choose not to believe this denial based strictly on the credibility of appellant’s
testimony. See In re E.J.P., No. 06-04-00131-CV, 2005 Tex. App. LEXIS 7372
(Tex.App.–Texarkana September 7, 2005, no pet.)(mem. op.). The record also reflects
that on the day the child was picked up by the Department, which was the same day that
the search warrant for the methamphetamine lab was executed, there were several
firearms located in the room with the child. Appellant initially claimed her fifth amendment
right against self-incrimination when asked about the weapons. See U.S. Const. Amend.
V. However, during the trial before the referring court, appellant admitted that the weapons
were present. The presence of weapons around a drug manufacturing operation clearly
exposes the child to loss or injury. See In re M.C., 917 S.W.2d at 269. 
          Remembering first, in a legal sufficiency review, a reviewing court should look at all
the evidence in the light most favorable to the finding of the factfinder. In re J.P.B., 180
S.W.3d at 573. When all of these facts are considered in that most favorable light, it
becomes clear to this court that a reasonable factfinder could have formed a firm belief or
conviction that trial court’s finding was true. Id. Accordingly, appellant’s legal sufficiency
challenge to the trial court’s judgment under § 161.001(1)(D) & (E) is overruled.
          When reviewing the factual sufficiency of the trial court’s findings, we review the
entire record without the lens of “in the light most favorable” to determine whether or not
a factfinder could reasonably form a firm belief or conviction about the truth of the
Departments allegations. In re H.R.M., 209 S.W.3d at 108. Additionally, we must review
the disputed evidence to determine whether this evidence was so strong that a factfinder
could not have reasonably formed a firm belief or conviction about the truth of the
Departments allegations. Id. There was no disputed evidence offered except that which
characterized appellant as a “good mother” when looking after the child at issue. These
general characterizations are not such as to prevent the factfinder from reasonably forming
a firm belief or conviction about the truth of the Department’s allegations. Further, the
evidence presented by the Department is more than sufficient to support a firm belief or
conviction about the truth of the allegations, even when viewed in a neutral light. Id. 
Accordingly, the evidence was factually sufficient to support the judgment of the trial court. 
Appellant’s issue regarding the factual sufficiency of the evidence is overruled.
           Inasmuch as only one statutory ground is required to terminate parental rights
under § 161.001, we will omit a discussion of the Department’s allegations under §
161.001(1)(O). See In re A.V., 113 S.W.3d at 362; In re S.F., 32 S.W.3d at 320. Instead
we will next consider the best interests of the child under § 161.001(2). 
          Appellant’s lists as one of the findings by the trial court to be challenged, the trial
court’s finding that termination of the parent-child relationship is in the best interest of the
child. However, appellant does not brief this point nor provide the court with any analysis
of the facts and the law in regards to this issue. Accordingly, the point, if truly raised by
appellant, is insufficiently briefed. See Tex. R. App. P. 38.1(i). As such, the point of error
is waived. See Davey v. Shaw, 225 S.W.3d 843, 852 (Tex.App.–Dallas 2007, no pet.). 
Accordingly, that portion of the judgment stands. 
Conclusion
          Having overruled appellant’s challenges to the legal and factual sufficiency of the
evidence, and having found appellant’s other issues not properly before us, the judgment
of the trial court is affirmed.
 
                                                                Mackey K. Hancock

                                                                          Justice