In re STATE BAR OF
TEXAS, Relator.

In re State Bar of Texas, Relator.

In re Board of Disciplinary
Appeals, Relator.

In re Board of Disciplinary
Appeals, Relator.

Nos. 02–0293, 02–0294, 02–0343, 02–0344.

Supreme Court of Texas.

Argued Feb. 5, 2003.

Decided July 3, 2003.

Rehearing Denied Sept. 25, 2003.

John F. Morehead, Assistant Attorney General, Howard G. Baldwin, First Assistant Attorney General, Jeffrey S. Boyd, Toni Hunter, Philip A. Lionberger, Office of Attorney General of Texas, Robert Searls Johnson, Assistant Solicitor General, Julie Caruthers Parsley, Office of Solicitor General of Texas, Linda A. Acevedo, Assistant Disciplinary Counsel, Austin, Jerald Grimes Molleston, Assistant Disciplinary Counsel, Houston, John Cornyn, United States Senate, Washington, DC, for relators.

Vincent L. Marable III, Paul Webb, P.C., Wharton, for respondent.

Justice SCHNEIDER delivered the opinion of the Court.

In this mandamus action, we consider whether a district court may vacate a Board of Disciplinary Appeals (BODA) order suspending an attorney from prac-

ticing law after this Court affirmed the suspension order. Here, Real Party in Interest Alto Watson, the suspended attorney, argues that the Texas Rules of Disciplinary Procedure (TRDP) give district courts enforcement power over BODA judgments; thus the district court has jurisdiction to hear his claim. Conversely, Relators BODA and the State Bar of Texas (collectively BODA) argue that the district court's action in this case interferes with BODA's jurisdiction over Watson's suspension. Because we conclude that the district court has interfered with BODA's jurisdiction, we conditionally grant mandamus relief and order the district court to vacate its order voiding the BODA judgment and to dismiss all remaining claims relating to this dispute.

## BACKGROUND

In 1995, Watson received a probated suspension of his law license for co-mingling clients' funds. In 1999, BODA revoked Watson's probation and suspended his law license for similar violations. Watson appealed the BODA judgment to this Court. We denied Watson's petition. Watson then filed a motion for rehearing claiming he discovered new facts disqualifying one of the BODA panel members who decided his 1999 case. This Court overruled the motion and affirmed the BODA judgment.

Watson then filed a declaratory judgment action in the district court seeking a declaration that the BODA judgment revoking Watson's law license was void due to the BODA panel member's disqualification. Watson moved for partial summary judgment, and the district court granted

the motion, rendering the BODA judgment revoking Watson's law license void. Watson also sought other declaratory relief in the district court against BODA, which the district court has not yet ruled upon.

## JURISDICTION

■ We have concurrent jurisdiction with the Texas courts of appeals to grant mandamus relief; however, the Texas Rules of Appellate Procedure mandate a relator first seek relief in the court of appeals. TEX. GOV'T CODE §§ 22.220(a)–22.221. Nonetheless, a party can bypass the court of appeals if "compelling reasons" exist for this Court to grant relief. TEX.R.APP. P. 52.3(e).[1]

■ Under Article II, Section 1 of the Texas Constitution and section 81.011(c) of the State Bar Act, the Texas Supreme Court has the power to regulate the practice of law in the State of Texas. TEX. CONST. art. II, § 1; TEX. GOV'T CODE § 81.011(c). The State Bar Act gives this Court "administrative control over the State Bar and provides a statutory mechanism for promulgating regulations governing the practice of law." *State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (citing TEX. GOV'T CODE § 81.011(c)). Furthermore, we have inherent regulatory powers, derived from Article II, Section 1 of the Texas Constitution, which dictate separation of powers and implies our supervisory role in regulating the legal practice. *See Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398–99 (Tex.1979).

Based on these powers, we promulgated a regulatory scheme in which the power to regulate the practice of law is delegated to BODA. TEX.R. DISCIPLINARY P. 1.01–15.13; *see also* TEX.R. DISCIPLINARY P. pmbl.

1. For example, election cases requiring speedy, final resolution, and cases presenting issues of statewide importance have met the "compelling reasons" standard. *See In re Univ. Interscholastic League*, 20 S.W.3d 690 (Tex.2000); *Republican Party of Texas v. Dietz*, 940 S.W.2d 86 (Tex.1997); *Sears v. Bayoud*, 786 S.W.2d 248 (Tex.1990).

Here, BODA's mandamus request presents issues of statewide importance. Because the district court disregarded the fact that we previously affirmed Watson's BODA judgment, we believe that BODA has presented "compelling reasons" for bypassing the court of appeals and seeking mandamus relief directly before this Court. Thus, we exercise jurisdiction in this matter.

## STANDARD OF REVIEW

■ "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). Thus, in determining whether to grant mandamus relief we must examine whether there has been a clear abuse of discretion by the district court and identify whether an adequate appellate remedy exists. *Walker*, 827 S.W.2d at 839.

## ANALYSIS

### 1) Abuse of Discretion

■ The district court declared Watson's BODA judgment void based on Watson's argument that a BODA panel member, who heard his revocation case, should have been disqualified. Watson relies on TRDP 15.03, which grants the district court enforcement jurisdiction over BODA judgments, to support the district court's action. Watson contends that BODA's jurisdiction over his case ceased upon this Court's affirming the BODA judgment. Watson further argues that if BODA had sought enforcement of the suspension order in the district court, he would have been allowed to raise the disqualification issue as an affirmative defense, and the district court would have denied enforcement on that basis.

■ Watson's contention conveniently avoids TRDP 2.20, which states:

> If all or any part of a suspension from the practice of law is probated under this Part II, [BODA] is hereby granted jurisdiction for the full term of suspension, including any probationary period, to hear a motion to revoke probation.... [*BODA's*] *order revoking a probated suspension cannot be superseded or stayed.*

TEX.R. DISCIPLINARY P. 2.20 (emphasis added). TRDP 2.20 states an explicit rule specific to revocation of probation proceedings. Based on TRDP 2.20, BODA has exclusive jurisdiction to hear a motion to revoke a probated suspension from the practice of law. Likewise, a BODA judgment revoking a probated suspension cannot be *superseded or stayed. Id.* Thus, TRDP 15.03, when read in conjunction with TRDP 2.20, establishes that the district court's enforcement power is solely ministerial when BODA seeks to enforce a judgment revoking an attorney's probation. Otherwise, the language of TRDP 2.20 would have no meaning.

We have consistently granted mandamus relief when a lower court interferes with the disciplinary process. *In re State Bar of Texas*, 960 S.W.2d 651 (Tex.1997); *State Bar of Texas v. Jefferson*, 942 S.W.2d 575 (Tex.1997); *Board of Disciplinary Appeals v. McFall*, 888 S.W.2d 471 (Tex.1994); *State v. Sewell*, 487 S.W.2d 716 (Tex.1972). However, we have never considered whether a district court's interference with a finally adjudicated BODA disciplinary judgment constitutes an abuse of discretion.

■ TRDP 2.20 establishes that BODA *retains jurisdiction* during an attorney's entire suspension period. Thus, an attorney-license suspension presents a unique circumstance in which jurisdiction over a

suspension continues past the final judgment for purposes of supervision and enforcement. *See, e.g., Phillips v. Beaber,* 995 S.W.2d 655 (Tex.1999) (following the Family Code mandate that a district court granting custody and support orders retains jurisdiction over future modifications to the original order). Consequently, Watson's argument that BODA no longer has jurisdiction over the judgment suspending his license to practice law disregards the plain language of TRDP 2.20. Hence, the district court's order declaring the BODA judgment void—or, in other words, effectively revoking the BODA suspension judgment—not only "supersedes" the BODA order, but also interferes with BODA's jurisdiction over the "full term of suspension." TEX.R. DISCIPLINARY P. 2.20.

■■■ We believe that because the Texas Rules of Disciplinary Procedure are dispositive on the issue of BODA's jurisdiction, the district court abused its discretion in voiding the BODA judgment. Furthermore, Rule 1.01 of the Internal Procedure Rules of the Board of Disciplinary Appeals states:

> Pursuant to TRDP 7.08J, BODA shall have and exercise all the powers of either a trial court or appellate court, as the case may be, in hearing and determining disciplinary proceedings.

TEX. BD. DISC.APP. INTERNAL PROC. R. 1.01. Hence, although the district court does not have jurisdiction to hear Watson's claim, Watson is free to raise the BODA panel member's disqualification issue before BODA in accordance with its procedural rules.

### 2) Adequate Appellate Remedy

■■■ That a party must have "no other adequate remedy by law" is a "fundamental tenet" of mandamus practice. *Walker,* 827 S.W.2d. at 839. Incidental district court rulings, which include pleas to the jurisdiction, generally will not be reviewed by mandamus because an adequate appellate remedy exists. *Id.*

■■■ An exception to the general rule arises when one court renders an order that directly interferes with another court's jurisdiction. In such a situation, we have determined appellate relief inadequate. *In re SWEPI, L.P.,* 85 S.W.3d 800 (Tex.2002); *Perry v. Del Rio,* 66 S.W.3d 239 (Tex.2001); *Abor v. Black,* 695 S.W.2d 564 (Tex.1985); *Curtis v. Gibbs,* 511 S.W.2d 263 (Tex.1974). In *In re SWEPI,* the real party in interest argued that the relators were not entitled to mandamus relief for a probate court's ruling on a plea to the jurisdiction because an adequate appellate remedy existed. Although we recognized that pleas to the jurisdiction will not ordinarily be reviewed by mandamus, we granted mandamus relief because the probate court erroneously interfered with another court's jurisdiction: "[T]he probate court not only erroneously concluded that it had jurisdiction, but also actively interfered with the jurisdiction of the Harris County court." *In re SWEPI,* 85 S.W.3d at 809; *see also Curtis,* 511 S.W.2d at 268 (issuing mandamus relief because one district court order directly interfered with another district court's jurisdiction).

BODA likewise argues that appellate relief is inadequate here because the district court order interferes with BODA's continuing jurisdiction over Watson's suspension. TEX.R. DISCIPLINARY P. 2.20. Moreover, by allowing Watson to practice law after BODA revoked probation and suspended Watson's license, the district court's order "supersedes" BODA's judgment contrary to TRDP 2.20's express language. Accordingly, this case presents an analogous situation to the circumstances in *In re SWEPI* and the jurisdictional interference cases before it. Thus, we believe

that BODA lacks an adequate appellate remedy and mandamus relief is proper.

## CONCLUSION

Because this case presents an issue of statewide importance—the interference by a district court in the regulation of the legal practice—we find compelling reasons to exercise jurisdiction in this matter. The district court not only abused its discretion by interfering with BODA's jurisdiction but continues to interfere with BODA's jurisdiction by retaining the pending claims. Because no adequate appellate remedy exists, we conditionally grant extraordinary relief, thus ordering the district court to vacate its order voiding the BODA judgment and to dismiss Watson's remaining claims. Our writ will issue only if the district court fails to do so.