NO. 07-04-0094-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 1, 2004
_____

In re: RODNEY WARREN, RWW ENTERPRISES, INC.,

and SPSM, LTD.

Relators
_____

***Original Proceeding***
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Rodney Warren, RWW Enterprises, Inc. and SPSM, Ltd. (Warren) petition the court for a writ of mandamus to compel the Hon. Andrew J. Kupper, 99th Judicial District Court, Lubbock County (99th), to abate various causes filed in that court pending the final disposition of various causes filed in the 121st Judicial District Court, Terry County (121st). We deny the petition.

The record before us illustrates that Warren moved the 99th to abate the cases pending therein. The trial court denied the motion. It is that action that Warren now asks us to review through mandamus. However, it is clear that mandamus will not lie if the relator has an adequate remedy at law. *See In re State Bar*, 113 S.W.3d 730, 733 (Tex. 2003). Furthermore, appeal has been recognized as such a remedy when the relator seeks review of incidental rulings made by the trial court. *Id.*; *Abor v. Black*, 695 S.W.2d

564, 566-67 (Tex. 1985). Within the category of incidental rulings are those denying a plea or motion to abate. *Abor v. Black*, 695 S.W.2d at 566-67, *quoting Pope v. Ferguson*, 445 S.W.2d 950 (Tex. 1969); *Coastal Oil & Gas Corp. v. Flores*, 908 S.W.2d 517, 518 (Tex. App.–San Antonio 1995, orig. proceeding). Given this and the fact that Warren asks us to review the trial court's action *viz* his plea to abate, we must deny his request.

In so holding, we do not ignore Warren's contention that this cause falls within an exception to the rule announced in *Abor*. The exception pertains to effort by one district court to interfere with another's jurisdiction. When that occurs, then mandamus may indeed issue, *In re State Bar*, 113 S.W.3d at 734, assuming, of course, that the relator has satisfied every other element for securing the relief. Warren believes that is occurring here because the 121st purportedly has within its registry or custody funds that constitute part of the dispute involved in the suits pending in the 99th.

It is true that one court may not ordinarily interfere with property held by another court *in custodia legis*. *First Southern Properties, Inc. v. Vallone*, 533 S.W.2d 339, 342-43 (Tex. 1976). So too is it true that this rule is founded upon the premise that the court possessing the property acquires jurisdiction to entertain all controversies involving the property. *Id.* Yet, the question of mandamus and the availability of an adequate legal remedy in lieu of mandamus was not at issue in *Vallone*, a case on which Warren relies to support his contention. Moreover, authority has recognized not only that property may be held *in custodia legis* by one court while ownership of that property is resolved by another but also that the court lacking possession of the *res* has jurisdiction to continue as long as it does not disturb the other's possession of the *res*. *Kull v. Brown*, 165 S.W.2d 1011, 1014 (Tex. Civ. App.–Texarkana 1942, no writ). And, coincidentally, the latter rule seems to

2

echo that described in *In re State Bar* and directing that, for purposes of mandamus, an appeal is an adequate remedy so long as one court does not issue "*an order* that directly interferes with another court's jurisdiction." *In re State Bar*, 113 S.W.3d at 734 (emphasis added).

Here, we are cited to no evidence of an order by which the 99th tried to obtain possession of, otherwise exercise any control over, or in any way divest the 121st of the monies held within its registry. Until such evidence arises and is brought to our attention, we cannot but hold that appeal is an adequate remedy by which to review the order denying Warren's motion to abate. *See e.g. Eikenburg v. Webb*, 880 S.W.2d 781, 782 (Tex. App.–Houston [1st Dist.] 1993, orig. proceeding) (granting mandamus relief because effort actually was made to remove the funds within the trial court's registry). This seems especially so when, as here, the suits pending in the 99th involve issues other than simply ownership of the funds held by the 121st.[1]

In closing, we recognize the increased expense inherent in trying similar issues between similar or identical parties in different courts. Yet, the Supreme Court has provided us with the controlling rules, and we must follow them. Accordingly, the petition for writ of mandamus is denied.

---

[1]The suits initiated in the 99th by How 1, Inc. encompass causes of action sounding in breached contract and damages for same, specific performance, breached fiduciary duty and damages for same, conversion of a partnership interest and damages for same, and injunction. Thus, much more is involved in the suits than simply who owns the money that Warren deposited with the 121st. And, this circumstance also distinguishes our case from that before the court in *Harris v. Moore*, 740 S.W.2d 14 (Tex. App.–El Paso 1987, orig. proceeding), another case upon which Warren relies. In *Harris*, the sole issue in the second suit apparently involved an attorney's attempt to secure a portion of the funds held by another court. Moreover, nowhere did the court in *Harris* mention *Abor* or have the benefit of *In re State Bar*, both of which held that, when considering whether to issue a writ of mandamus, an appeal constituted an adequate remedy as long as one court did not interfere with or issue an order interfering with the jurisdiction of the other. So, *Harris* is not persuasive.

Brian Quinn
Justice