In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-363 CV


____________________



IN RE CHRISTUS HEALTH AND CHRISTUS HEALTH SOUTHEAST TEXAS,


INDIVIDUALLY AND D/B/A CHRISTUS ST. ELIZABETH HOSPITAL







Original Proceeding






MEMORANDUM OPINION


 Christus Health and Christus Health Southeast Texas, Individually and d/b/a
Christus St. Elizabeth Hospital, (collectively referred to as "the Hospital") petition for a
writ of mandamus to compel the trial court to grant a plea to the jurisdiction and dismiss
the case. The real parties in interest, Larry Baker, Anthony Brawley, and Linny Nixon,
III, (collectively referred to as "Patients") have filed a combined breach of contract suit
and declaratory judgment action in which they assert that they were admitted to St.
Elizabeth Hospital as "self-pay" patients on a contract with an undefined price term. The
suit alleges the hospital charged the patients an unreasonable sum for its services and
materials far in excess of the amount it charged persons insured by certain health insurance
companies. In addition to damages for the alleged overcharges, the patients seek a
declaratory judgment of a reasonable price for the services rendered and an injunction
against collection efforts beyond reasonable charges. Although the patients seek class
action certification, the trial court has not yet determined whether to certify the class. 

 The hospital contends the patients lack standing to pursue their asserted claims
because none of them paid their hospital bills. (1) The hospital, arguing the trial court abused
its discretion by denying the plea to the jurisdiction in the face of a demonstrated lack of
standing, seeks as mandamus relief a dismissal of the entire case for lack of standing on
the part of the patients. Standing requires a real controversy between the parties which
will be actually determined by the judicial declaration sought. Texas Workers' Comp.
Comm'n v. Garcia, 893 S.W.2d 504, 517-18 (Tex. 1995). In support of its argument, the
hospital relies upon The M.D. Anderson Cancer Ctr. v. Novak, 52 S.W.3d 704, 706 (Tex.
2001), an appeal from the granting of a plea to the jurisdiction in which the recipient of
an allegedly fraudulent fund-raising letter filed a class action asserting a declaratory
judgment claim for injunctive relief in the form of a refund of donations. The Supreme
Court held that, because the plaintiff donated nothing to the hospital, he had not actually
been defrauded and the mail recipient had no standing to bring claims as an individual. 
Id. at 707-08. The named plaintiff's lack of individual standing at the time of filing the
class action suit deprived the court of subject matter jurisdiction over both the individual
claims and the claims brought on behalf of the class. Id. at 711. The hospital argues the
patients have not actually paid the hospital, the amount in controversy is zero and the real
parties in interest lack a compensable injury. The patients, on the other hand, argue their
situation presents a genuine controversy because Baker's hospital bill is outstanding,
Nixon's personal recovery on his lawsuit was reduced by the amount paid to the hospital,
and Brawley's claim was subrogated but not assigned to his automobile insurer. The
patients also argue that no injury is required to maintain an action under the Declaratory
Judgment Act. See Tex. Civ. Prac. & Rem. Code Ann. §§ 37.002-004 (Vernon 1997). (2) 
 To be entitled to relief by mandamus, the relators must show not only that the trial
court clearly abused its discretion, but also that they have no adequate remedy by appeal. 
In re Prudential, 148 S.W.3d 124, 135-36 (Tex. 2004). Pleas to the jurisdiction are
generally considered incidental rulings for which appeal is an adequate remedy. See In re
State Bar of Texas, 113 S.W.3d 730, 734 (Tex. 2003) (applying exception for interference
with the authority of a state agency); In re SWEPI, L.P., 85 S.W.3d 800, 808 (Tex. 2002)
(applying exception for interference with the jurisdiction of another court); Bell Helicopter
Textron, Inc. v. Walker, 787 S.W.2d 954, 955 (Tex. 1990). A determination of adequacy
of appeal as a remedy for an alleged clear abuse of discretion in a pre-trial ruling involves
a balance of jurisprudential considerations - including the distraction, expense, and delay
attendant in interfering with trial court proceedings - on the one hand, and the preservation
of important substantive and procedural rights on the other. Prudential, 148 S.W.3d at
136. "This determination is not an abstract or formulaic one; it is practical and
prudential." Id. In this case, the main thrust of the relators' plea to the jurisdiction relates
to the plaintiffs' standing to represent a class of persons charged undiscounted rates. 
Interlocutory appeal is available to review issues relating to the proposed class action. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(3) (Vernon Supp. 2005). If the trial
court certifies a class, the hospital may challenge the patients' standing in an interlocutory
appeal. If the trial court refuses to certify the class, and that ruling is not appealed, then
at most the hospital will be forced to endure a trial of individual claims of three persons
before it challenges the trial court's ruling. We conclude that the relators have not
demonstrated the lack of an adequate remedy by appeal. Accordingly, we lift our stay of
proceedings in the trial court and deny the petition for writ of mandamus.

 WRIT DENIED.


 PER CURIAM



Submitted on August 26, 2005

Opinion Delivered September 22, 2005


Before McKeithen, C.J., Kreger and Horton, JJ.
1. According to the relators, Baker's bill is unpaid, Brawley's bill was paid by his
uninsured motorist carrier, and Nixon's bill was paid by the insurance company of another
motorist involved in an accident that injured Nixon. Relators also allege Brawley and
Nixon were given charity discounts. According to the real parties in interest, the
automobile liability insurance carriers paid the full amount of the charges initially billed
to Brawley and to Nixon because the hospital filed hospital liens against any automobile
insurance recovery by either of them. 
2. Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (Vernon 1997), provides:

 (a) A person interested under a deed, will, written contract, or other
writings constituting a contract or whose rights, status, or other legal
relations are affected by a statute, municipal ordinance, contract, or
franchise may have determined any question of construction or validity
arising under the instrument, statute, ordinance, contract, or franchise and
obtain a declaration of rights, status, or other legal relations thereunder.

 (b) A contract may be construed either before or after there has been
a breach.