NO.
12-06-00257-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN RE: THOMPSON, COE, §                      

 

COUSINS, & IRONS, LLP, §                      ORIGINAL
PROCEEDING

 

RELATORS   §                      

                                                                                                                                                           


OPINION

            Thompson,
Coe, Cousins & Irons, L.L.P., filed a petition for writ of mandamus
challenging the trial court’s denial of its plea to the jurisdiction.  The respondent is the Honorable Randall L.
Rogers, Judge of County Court at Law No. 2, Smith County, Texas.  Deep East Texas Self-Insurance Fund (“Deep
East”) is the real party in interest.  We
deny the petition.

 

Background

            Deep
East is an unincorporated association that provides worker’s compensation
insurance to its members.  Cunningham
Lindsey Claims Management, Inc. contracted with Deep East to handle workers’
compensation claims beginning in the early 1970s.  In 2003, Deep East sued Cunningham
Lindsey.  Cunningham Lindsey’s liability
insurer, American International Specialty Lines Insurance Company (“AISLIC”),
retained Thompson Coe to defend Cunningham Lindsey.  

            Prior
to trial, the parties entered into a “high-low” agreement.  Representatives of both parties signed the
agreement as did the attorneys for both parties.  Under the terms of the agreement, the parties
agreed to a bench trial with limited evidence. 
They further agreed that if the trial court entered judgment for Deep
East or Cunningham Lindsey in an amount equal to or less than the remainder of
Cunningham Lindsey’s insurance under AISLIC’s primary insurance policy, Deep
East would be entitled to the amount remaining under that policy as its minimum
recovery.  Moreover, the terms of the
agreement limited Deep East’s maximum recovery to the amount of the trial court’s
judgment in excess of (a) the remaining primary policy limit[1]
or (b) $6,000,000.00, whichever amount was greater.  The matter proceeded to trial in June 2005,
following which the trial court entered a judgment in favor of Deep East for
$4,800,412.37.

            Subsequently,
a dispute arose between the parties concerning the amount owed to Deep East
under the AISLIC policy.  Among other
contentions, Deep East claimed that the attorney’s fees charged by Thompson Coe
were excessive, and thereby improperly eroded the policy from which Deep East
was entitled to recover.

            In
November 2005, Deep East sued Thompson Coe.[2]  Deep East alleged that Thompson Coe charged
excessive fees and expenses that resulted in the improper erosion  of Deep East’s recovery under the
agreement.  Deep East further alleged
that Thompson Coe was a party to the agreement and breached its duty of good
faith and fair dealing inherent in all contractual arrangements.  

            Thompson
Coe filed a plea to the jurisdiction arguing that Deep East has no standing to
sue Thompson Coe regarding fees Thompson Coe charged Cunningham Lindsey, to
which Deep East responded.  Following a
hearing, the trial court denied Thompson Coe’s plea to the jurisdiction.  Thompson Coe subsequently filed a motion for
reconsideration, which the trial court denied. 
Thereafter, Thompson Coe filed a petition for writ of mandamus in this
court.

 

Availability
of Mandamus

            Mandamus
will issue to correct a clear abuse of discretion where there is no adequate
remedy by appeal.  In re Cerberus
Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005); Walker v.
Packer, 827 S.W.2d 833, 839-40 (Tex. 1992).  The trial court abuses its discretion if it
reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law or if it clearly fails to correctly analyze or apply
the law.  Id.  Pleas to the jurisdiction are generally
considered incidental rulings for which appeal is an adequate remedy.  See In re State Bar of Tex., 113
S.W.3d 730, 734 (Tex. 2003); In re Christus Health, No. 09-05-363-CV,
2005 WL 2450146, at *1 (Tex. App.–Beaumont Sept. 22, 2005, orig. proceeding)
(mem. op.).  There are, however, noted
exceptions to this general principle.  See,
e.g., In re Entergy Corp., 142 S.W.3d 316, 321–22 (Tex. 2004) (applying
exception where Public Utility Commission of Texas had exclusive jurisdiction,
because permitting a trial to go forward would interfere with the important
legislatively mandated function and purpose of the Commission); In re
State Bar of Texas, 113 S.W.3d at 734 (applying exception for
interference with the authority of a state agency); In re SWEPI, L.P.,
85 S.W.3d 800, 808 (Tex. 2002) (applying exception for interference with the
jurisdiction of another court).  

            A
determination of adequacy of appeal as a remedy for an alleged clear abuse of
discretion in a pretrial ruling involves a balance of jurisprudential
considerations—including the distraction, expense, and delay attendant in
interfering with trial court proceedings—on the one hand, and the preservation
of important substantive and procedural rights on the other.  In re Christus Health, 2005 WL
2450146, at *1 (citing In re Prudential Ins. Co. of America, 148
S.W.3d 124, 136 (Tex. 2004)).  Such a
determination is not an abstract or formulaic one; it is practical and
prudential.  Id.

            Nonetheless,
an appellate remedy is not inadequate merely because it may involve more
expense or delay.  See In re
Prudential, 148 S.W.3d at 136. 
We are not required to turn a blind eye to blatant injustice, nor are we
required to be an accomplice to circumstances that amount to an irreversible
waste of judicial and public resources.  See
id. at 136-37.  Whether an
appellate remedy is adequate so as to preclude mandamus review depends heavily
on the circumstances presented.  Id.
at 137.

            Since
the supreme court in In re Prudential elaborated on the meaning
of the term “adequate remedy by appeal,” several of our sister courts of
appeals have considered the issue of whether there exists an adequate remedy by
appeal in cases involving the denial of a party’s plea to the
jurisdiction.  See, e.g., In
re Continental Cas. Co., No. 13-06-457-CV, 2006 WL 3391106 (Tex. App.–Corpus
Christi Nov. 21, 2006, orig. proceeding) (mem. op.); In re Christus
Health, 2005 WL 2450146;  In re Tex. Mut. Ins. Co., No.
05-05-00944-CV, 2005 WL 1763562 (Tex. App–Dallas July 27, 2005, orig.
proceeding) (mem. op.);  In re Tex.
Dep’t of Family & Protective Serv’s, No. 04-04-00834, 2004 WL
2965434 (Tex. App.–San Antonio Dec. 22, 2004, orig. proceeding.) (mem. op.); In
re Hobbs, No. 01-04-01069-CV, 2004 WL 2677455 (Tex. App.–Houston [1st
Dist.] Nov. 23, 2004, orig. proceeding) (mem. op.).  Of the courts that have recently considered
this issue, only one determined that there was no adequate remedy
by appeal.  See In re Tex. Mut.
Ins. Co., 2005 WL 1763562, at *3. 
In reaching this conclusion, the Dallas court emphasized that the Texas
Worker’s Compensation Commission had exclusive jurisdiction over the plaintiff’s
claims and the plaintiff had failed to exhaust his administrative
remedies.  Id. 
Therefore, the trial court was without subject matter jurisdiction over the
lawsuit.  Relying on In re Entergy
Corp, the court held that the denial of the relator’s plea to the
jurisdiction constituted an abuse of discretion.  See In re Tex. Mut. Ins. Co.,
2004 WL 1763562, at *3 (citing In re Entergy Corp., 142 S.W.3d at
321-22).  

            Though
In re Entergy was decided approximately two months before In
re Prudential, it is instructive as to what circumstances will qualify
as an exception to the long standing principle that there exists an adequate
remedy by appeal when a trial court denies a plea to the jurisdiction.  See In re Entergy, 142 S.W.3d
at 321-22.  Specifically, the supreme
court stated as follows:

 

In certain
circumstances, we have recognized that incidental trial court rulings can be
corrected by writ of mandamus (citations omitted).

 

In each of these
instances, the Court exercised its jurisdiction not merely because inaction
would have caused hardship to the parties, but because special, unique
circumstances mandated the Court's intervention. Here, the possibility that
Entergy will be forced to endure the "hardship" of a full-blown trial
if we decline to issue a writ of mandamus is, in itself, not sufficient to
dictate mandamus relief. But Entergy's hardship is not the only factor we
consider in deciding whether mandamus is appropriate. We must also consider
that if Entergy is correct in its assertion that the [Commission] has exclusive
jurisdiction, permitting a trial to go forward would interfere with the
important legislatively mandated function and purpose of the [Commission]. Cf.
State v. Sewell, 487 S.W.2d 716, 719 (Tex. 1972) (granting
mandamus to vacate injunction barring Grievance Committee proceedings because
injunction was "an interference with the grievance procedures authorized
by . . .  the State Bar
Act" and restating that mandamus may be appropriate when "the orderly
processes of government" are disturbed); U.S. Alkali Export Ass’n v.
U.S. Alkali Calif. Export Ass’n, 325 U.S. 196, 203-04, 65 S. Ct. 1120,
1125-26, 89 L. Ed. 1554 (1945) (concluding that extraordinary writ would be
appropriate to correct federal district court's denial of motion to dismiss
complaint if Federal Trade Commission had jurisdiction). In short, if the
[Commission] has exclusive jurisdiction in this dispute, the judicial
appropriation of state agency authority would be a clear disruption of the
"orderly processes of government." 
This disruption, coupled with the hardship imposed on Entergy by a
postponed appellate review, warrants an exception to our general proscription
against using mandamus to correct incidental trial court rulings.

 

 

In re Entergy Corp., 142 S.W.3d at 321-22.

            In
the instant case, there is no issue that another body, either administrative or
judicial, has exclusive jurisdiction over this matter.  Thompson Coe argues that the benefit of
considering the matter by mandamus rather than on appeal is the avoidance of the
“utter waste of private and judicial resources in trying a case that would be
reversed on appeal.”[3] 
We iterate that an appellate remedy is not inadequate merely because it
may involve more expense or delay.  See
In re Prudential, 148 S.W.3d at 136. 
But as the court noted in In re Prudential, the word “merely”
carries heavy freight.  Id.  The court illustrated its point by discussing
cases where expense and delay greatly exceeded the norm.  See id. at 136–37 (citing In
re E.I. duPont de Nemours & Co., 92 S.W.3d 517, 523-24 (Tex. 2002)
(court concluded that defending the claims of more than 8,000 plaintiffs in
litigation that would last for years was not “mere” expense and delay even
though duPont could eventually appeal and did not appear to be in any danger of
succumbing to the burden of the litigation); In re Masonite Corp.,
997 S.W.2d 194, 195-98 (Tex. 1999) (court concluded that defendants were not
required to wait until appeal to complain where the trial court, on its own
motion and without any authority whatever, split two cases into sixteen and
transferred venue of fourteen of them to other counties); Travelers
Indemnity Co. v. Mayfield, 923 S.W.2d 590, 595 (Tex. 1996) (court
concluded that carrier could have appealed from the final judgment and won
recovery for the amounts paid, but because the trial court’s order not only
cost the carrier money, but “radically skew[ed] the procedural dynamics of the
case[,]” mandamus review was appropriate)).

            Here,
although Thompson Coe will undoubtedly face further expense and delay by
participating in a trial before being able to raise the issue of Deep East’s
standing, the burden does not rise to the level of the extraordinary
circumstances illustrated in In re Prudential.  See also In re Entergy Corp.,
142 S.W.3d at 321-22 (“[T]he possibility that the relator will be forced to
endure the ‘hardship’ of a full-blown trial if we decline to issue a writ of
mandamus is, in itself, not sufficient to dictate mandamus relief”).  Accordingly, we hold that Thompson Coe is not
entitled to mandamus relief because it has an adequate remedy by appeal.

 

Disposition

            Having
held that Thompson Coe has an adequate remedy by appeal, we need not address
whether the trial court abused its discretion in denying Thompson Coe’s plea to
the jurisdiction.  Thompson Coe’s petition
for writ of mandamus is denied.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

 

 

Opinion
delivered January 24, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1]
Cunningham Lindsey’s primary insurance applied on an “eroding” basis, that is,
costs incurred to defend Cunningham Lindsey depleted the policy’s liability
limits.  





[2] Cunningham Lindsey and AISLIC were also named
as defendants, but are not parties to this proceeding.





[3]
Much of the argument in Thompson Coe’s brief relates to its contention that the
instant case presents extraordinary circumstances due to the fact that for
Thompson Coe to properly defend itself, it would have to reveal confidential
client communications.  Subsequent to
filing its petition for writ of mandamus, Thompson Coe informed the court that
its client and codefendant, Cunningham Lindsey Claims Management, Inc., had
agreed to waive its attorney-client privilege.