Opinion issued July 3, 2008
 





    






In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-01104-CV
____________

DANIEL GOLDBERG, Appellant

V.

THE COMMISSION FOR LAWYER DISCIPLINE AND THE STATE BAR
OF TEXAS, Appellees




On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2007-61478



 
O P I N I O N

          Appellant, Daniel Goldberg, appeals from a final judgment dismissing his suit
for want of subject-matter jurisdiction upon the plea to the jurisdiction of appellees,
the Commission for Lawyer Discipline (“the Commission”) and the State Bar of
Texas (“SBOT”) (together, “appellees”). We determine whether the trial court had
subject-matter jurisdiction to declare (1) that the disciplinary judgment disbarring
Goldberg was void because the final conviction underlying it had been set aside and
(2) that his law license be restored. We also determine whether the trial court was
required to file the findings of fact and conclusions of law that Goldberg requested. 
We affirm.
Background
          Goldberg was an attorney licensed to practice law in Texas. On July 17, 2001,
he pleaded guilty to the felony offense of aggregate theft. His punishment was
assessed at three years in prison and a $2,000 fine, suspended for a period of three
years of community supervision. After the conviction had become final, a
compulsory disciplinary action was begun against Goldberg based on his criminal
conviction. See Tex. R. Disciplinary P. 8.01, reprinted in Tex. Gov’t Code Ann.,
tit. 2, subtit. G app. A-1 (Vernon 2005) (“When an attorney licensed to practice law
in Texas has been convicted of an Intentional Crime or has been placed on
[community supervision] for an Intentional Crime with or without an adjudication of
guilt, the Chief Disciplinary counsel shall initiate a Disciplinary Action . . . .”). The
Texas Board of Disciplinary Appeals (“BODA”) held a hearing on August 23, 2002
to consider Goldberg’s disbarment. See Tex. R. Disciplinary P. 8.04 (providing for
BODA to hear and to determine all questions of law and fact in compulsory
disciplinary proceeding). BODA concluded that Goldberg’s crime was both an
“intentional crime” and a “serious crime,” as defined by the Texas Rules of
Disciplinary Procedure,


 for which he had been convicted and placed on community
supervision and that Goldberg thus should be disbarred. See Tex. R. Disciplinary
P. 8.05 (requiring disbarment of attorney who is convicted of “Intentional Crime”
when conviction has become final, unless BODA allows suspension of license). 
Goldberg appealed the judgment of disbarment to the Texas Supreme Court, which
affirmed it summarily on March 6, 2003. See Tex. R. Disciplinary P. 7.11.
          On October 20, 2004, after Goldberg had successfully completed his
community supervision, the court in which Goldberg had been convicted entered the
following order under Texas Code of Criminal Procedure article 42.12, section 20
(“the discharge-dismissal order”):
BE IT REMEMBERED that on this day after considering the
evidence that the Defendant has satisfactorily fulfilled the conditions of
community supervision and the court to insure that the Defendant is
immediately released from the penalties and disabilities resulting from
the offense of which the Defendant has been convicted enters this Order,
it is therefore,
 
ORDERED that the probation/community service of DANIEL
GOLDBERG be has been fulfilled in accordance with that certain Order
Dismissing Cause Order Terminating Community Supervision dated
July 21, 2004, and said period is declared to be terminated and DANIEL
GOLDBERG is discharged from probation/community service, that the
civil liberties of DANIEL GOLDBERG shall hereby be completely
restored including by way of example and not limitation the right to
vote, serve on juries, etc. and DANIEL GOLDBERG shall be
completely released from all penalties and legal disabilities resulting
from the offense or crime of which DANIEL GOLDBERG has plead
guilty and verdict should be set aside and wiped away and the Defendant
is hereby permitted to withdraw the plea of guilty and the plea of guilty
of DANIEL GOLDBERG is hereby withdrawn, the charging instrument,
accusation, complaint, and indictment against DANIEL GOLDBERG
are dismissed and this prosecution is dismissed.

See Tex. Code Crim. Proc. art. 42.12, § 20 (Vernon Supp. 2007).
          In October 2006, Goldberg sought a writ of mandamus in the Texas Supreme
Court based upon the discharge-dismissal order; the supreme court denied the petition
in March 2007 without explanation. Goldberg then filed suit against appellees in
October 2007. Based on the discharge-dismissal order, he sought a declaratory
judgment that (1) “immediately restor[ed]” his law license because the criminal
conviction on which his disbarment had been based was rendered “a legal nullity” by
the discharge-dismissal order or that (2) declared the judgment of disbarment “void.” 
Included in the petition was an allegation that appellees “acted hastily and
premature[ly] under the totality of circumstances and has caused the Petitioner a loss
of his livelihood and the abrogation of his constitutional rights without due process
of law”; the petition nonetheless sought solely the declaratory relief described above.
          In November 2007, appellees filed an answer that also contained a plea to the
jurisdiction. The answer alleged governmental immunity from suit as an affirmative
defense, but immunity from suit was not the basis of the dismissal motion. Rather,
appellees’ dismissal motion asserted two different grounds. The first ground was
based on the Texas Supreme Court’s exclusive authority to promulgate rules for
lawyer discipline. One of those rules, Texas Rule of Disciplinary Procedure 11.01,
does not allow a disbarred attorney to sue to reinstate his license until five years after
completion of the attorney’s sentence. See Tex. R. Disciplinary P. 11.01. 
Appellees asserted that Goldberg’s suit was, in effect, a suit seeking reinstatement,
even though it was styled as a declaratory-judgment action to interpret the effect of
the discharge-dismissal order. Because fewer than five years had passed from the end
of Goldberg’s community supervision, appellees urged that the trial court lacked
jurisdiction to entertain Goldberg’s suit. The jurisdictional plea’s second ground was
phrased in the alternative: “Assuming for argument purposes only that this Court
could entertain Goldberg’s [reinstatement] request, Goldberg has failed to state a
claim for relief” because the discharge-dismissal order did not render the disbarment
judgment void. 
          To the jurisdictional plea, appellees attached evidence, including the July 2001
judgment of conviction, the August 2002 judgment disbarring Goldberg, the Texas
Supreme court order affirming Goldberg’s disbarment, the discharge-dismissal order,
and the supreme court order denying Goldberg’s petition for writ of mandamus. 
None of this evidence was disputed below; only its legal effect is contested.
 
          Later in November 2007, Goldberg filed a supplement to his original petition. 
In pertinent part, the supplemental petition alleged as follows:
Petitioner is proceeding inter alia with its asserted cause of
action(s) under Tex. Const. art. I, Section 19, Tex. Const. art. V,
Section 8, Tex. Gov’t Code Section 81.014 (“The state bar may sue
and be sued in its own name.”), Tex. Gov’t Code Section 81.011(a)
(“The state bar is a public corporation . . . .”), Tex. Gov’t Code Section
81.071 (“The Lawyer Discipline, a committee of the state bar.”), Tex.
Civ. Prac. & Rem. Code Ann. Uniform Declaratory Judgments Act,
Chapter 37 . . . .
 
. . .
 
Petitioner alleges that a law license is a valuable right after such
is held for many years which was the case prior to disbarment. The
Petitioner alleges that the Respondents are violating and/or denying the
rights of the Petitioner by refusing to restore his valuable law license
after his criminal conviction was nullified and his guilty plea withdrawn. 
The [Petitioner] seeks a declaratory judgment that his law license
should be restored by the Respondents and a further declaratory
judgment that a law license is a valuable right of the Petitioner which
the Respondents have denied and should be restored.
 
. . .
 
WHEREFORE, PREMISES CONSIDERED, Petitioner requests
this court . . . declare that the Petitioner is entitled to the immediate
restoration of his Texas Law License . . . and/or that the Judgment of
Disbarment be declared void, declare that a law license is a valuable
right of the Petitioner which the Respondents have denied and should
be restored . . . .

(Emphasis added.)
          On December 4, 2007, after a hearing, the trial court granted the jurisdictional
plea and dismissed Goldberg’s suit for want of jurisdiction. Goldberg timely
requested findings of fact and conclusions of law, and he timely filed a notice of past-due findings and conclusions, but the trial court did not file findings and conclusions.
Standard of Review
          We review de novo a trial court’s ruling on a jurisdictional plea, construing the
pleadings in the plaintiff’s favor and looking to the pleader’s intent. See Tex. Natural
Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002); Tex. Ass’n
of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).
          “A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat
a cause of action without regard to whether the claims asserted have merit.” Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). Although the plaintiff’s
claims may form the context against which the jurisdictional plea is determined, the
plea generally “should be decided without delving into the merits of the case.” Id.
“[A] court deciding a plea to the jurisdiction is not required to look solely to the
[plaintiff’s] pleadings but may consider evidence and must do so when necessary to
resolve the jurisdictional issues raised.” Id. at 555. However, in general, “the proper
function of a dilatory plea does not authorize an inquiry so far into the substance of
the claims presented that plaintiffs are required to put on their case simply to establish
jurisdiction.” Id. at 554. “If the evidence creates a fact question regarding the
jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and
the fact issue will be resolved by the fact finder. However, if the relevant evidence
is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court
rules on the plea to the jurisdiction as a matter of law.” Tex. Dep’t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 227–28 (Tex. 2004).
Propriety of Dismissal
          In issue one, Goldberg argues that the trial court erred in dismissing his suit for
lack of subject-matter jurisdiction.
A.      The Parties’ Arguments
          Goldberg argues that the trial court had subject-matter jurisdiction “to
determine the effect of [the discharge-dismissal order] which removed the sole basis
of a disbarment judgment.” He relies on article 42.12, section 20, and Cuellar v.
State


 to argue, in effect, that the discharge-dismissal order (which was rendered
under section 41.12, section 20) operates automatically to restore his law license
because it rendered the conviction that underlay his disbarment null. He distinguishes
between restoring his license and reinstating it: the former happens, he urges, by
operation of the discharge-dismissal order; the latter happens by waiting the five-year
period from the completion of his community supervision and seeking reinstatement
under the Texas Rules of Disciplinary Procedure. Because he seeks restoration under
the article 42.12, section 20 discharge-dismissal order, rather than reinstatement,
Goldberg argues that the five-year waiting period of rule 11.01 does not apply or
deprive the trial court of subject-matter jurisdiction over his suit. 
          Appellees respond, as they asserted in their plea, that (1) the Texas Supreme
Court has exclusive authority to promulgate rules for lawyer discipline, such as the
Texas Rules of Disciplinary Procedure; (2) rule 11.01 of those rules does not allow
a reinstatement proceeding to be filed until five years after completion of the
attorney’s sentence; (3) Goldberg’s suit was, in reality, a suit seeking reinstatement,
regardless of how it was styled; and (4) because fewer than five years had passed
from the end of Goldberg’s community supervision, the trial court lacked jurisdiction
to entertain Goldberg’s suit.



B.      Law Underlying the Discharge-Dismissal Order
          Article 42.12, section 20(a) provides: 
Upon the satisfactory fulfillment of the conditions of community
supervision, and the expiration of the period of community supervision,
the judge, by order duly entered, shall amend or modify the original
sentence imposed, if necessary, to conform to the community
supervision period and shall discharge the defendant. If the judge
discharges the defendant under this section, the judge may set aside the
verdict or permit the defendant to withdraw his plea, and shall dismiss
the accusation, complaint, information or indictment against the
defendant, who shall thereafter be released from all penalties and
disabilities resulting from the offense or crime of which the defendant
has been convicted or to which the defendant has pleaded guilty, except
[for two circumstances not applicable in this case].

Tex. Code Crim. Proc. Ann. art. 42.12, § 20(a) (emphasis added). The Cuellar
court, on whose decision Goldberg relies, interpreted the portion of article 42.12,
section 20 that is italicized above as follows:
This second type of discharge is not a right but rather is a matter of
“judicial clemency” within the trial court’s sole discretion. That is,
when a trial judge believes that a person on community supervision is
completely rehabilitated and is ready to re-take his place as a
law-abiding member of society, the trial judge may [enter the described
order]. These words are crystal clear. There is no doubt as to their
meaning. If a judge chooses to exercise this judicial clemency
provision, the conviction is wiped away, the indictment dismissed, and
the person is free to walk away from the courtroom “released from all
penalties and disabilities” resulting from the conviction.
 
Once the trial court judge signs the Article 42.12, § 20, order, the
felony conviction disappears, except as specifically noted in subsections
(1) and (2). They are, however, the only listed exceptions. . . . .
 
. . . [W]hether to dismiss the indictment and set aside the
conviction is wholly within the discretion of the trial court. But, a
person whose conviction is set aside pursuant to an Article 42.12, § 20,
order is not a convicted felon.

Cuellar, 70 S.W.3d at 818–20 (citations and footnotes omitted).
C.      The Comprehensive Scheme Regulating Attorney Conduct
          The Texas Supreme Court derives its power to regulate the practice of law in
Texas from the State Bar Act


 and article II, section 1 of the Texas Constitution.


 In
re State Bar of Tex., 113 S.W.3d 730, 732 (Tex. 2003). 
          The State Bar Act gives the supreme court “‘administrative control over the
State Bar and provides a statutory mechanism for promulgating regulations governing
the practice of law.’” Id. (quoting State Bar of Tex. v. Gomez, 891 S.W.2d 243, 245
(Tex. 1994)). For example, the State Bar Act provides that each attorney admitted to
practice in Texas is subject to the disciplinary jurisdiction of the supreme court and
the Commission;


 that the supreme court has exclusive jurisdiction of the rules
governing the admission to the practice of law in Texas;


 that the supreme court must
establish disciplinary procedures in furtherance of its powers to supervise attorney
conduct;


 and that the supreme court must prepare, propose, and adopt rules that it
deems necessary for disciplining, suspending, disbarring, and accepting resignations
of attorneys.


 The Legislature has also provided that “[o]nly the supreme court may
issue licenses to practice law in this state as provided by this chapter”


 and that this
power “may not be delegated.” See Tex. Gov’t Code Ann. § 82.021 (Vernon 2005). 
          The supreme court also has “inherent regulatory powers, derived from Article
II, Section I of the Texas constitution, which dictate separation of powers and
implies” the court’s “supervisory role in regulating the legal practice.” In re State
Bar of Tex., 113 S.W.3d at 732. 
          Based on these statutory and inherent constitutional powers, the supreme court
has “promulgated a regulatory scheme in which the power to regulate the practice of
law is delegated to BODA.” Id. This regulatory scheme includes rules governing
reinstatement to the practice of law after disbarment. In particular, the Texas Rules
of Disciplinary Procedure require, as compulsory discipline, the disbarment or
suspension of a member attorney who has been convicted of an “Intentional Crime,”
when that conviction becomes final, or who has accepted community supervision,
with or without an adjudication of guilt, for an Intentional Crime. See Tex. R.
Disciplinary P. 8.05–8.06. The same rules also provide:
A disbarred person . . . may, at any time after the expiration of five
years from the date of the final judgment of disbarment . . . , petition the
district court . . . for reinstatement; provided, however, that no person
who has been disbarred . . . by reason of conviction . . . for an
Intentional Crime or a Serious Crime, is eligible to apply for
reinstatement until five years following the date of completion of
sentence, including any period of [community supervision] and/or
parole.

Tex. R. Disciplinary P. 11.01. If the court in such a reinstatement suit renders
judgment authorizing the disbarred attorney’s reinstatement, the court must also direct
the Board of Law Examiners to allow the attorney to retake the bar examination. See
Tex. R. Disciplinary P. 11.06. Upon proof that the disbarred attorney has complied
with the judgment and has paid all fees, costs, and assessments then owed, the
Commission must then direct the Chief Disciplinary Counsel to declare the attorney’s
eligibility for licensure, and the Clerk of the Supreme Court must then reinstate him
and issue him a new bar card. See Tex. R. Disciplinary P. 11.07. 
          “Because the [Texas Supreme] Court’s power to regulate the practice of law
is an administrative one, the exercise of that power does not in and of itself deprive
lower courts of general subject matter jurisdiction over challenges to that
governance.” Gomez, 891 S.W.2d at 245. Lower courts “do not, however, have
jurisdiction over all such challenges because in every individual case, jurisdiction
also depends on justiciability.” Id. (emphasis in original). When a litigant seeks in
a lower court a remedy that would impinge on the supreme court’s “exclusive
authority to regulate the practice of law,” the case does not present a justiciable
controversy, and the lower court lacks subject-matter jurisdiction over it. Id. at 246. 
This result obtains because “[n]o subordinate court in Texas has the power to usurp
[the Texas Supreme Court’s] authority or responsibility” in the area of regulating the
practice of law. Id. Examples of cases in which the supreme court has held that the
lower court lacked subject-matter jurisdiction are suits to compel the promulgation
of a mandatory pro bono service rule


 and suits seeking to enjoin BODA from
suspending an attorney’s license.



          However, “not all remedies bearing upon the regulation of the legal profession
would be unacceptable infringements on the inherent powers of the [Texas Supreme]
Court.” Gomez, 891 S.W.2d at 246. For example, a suit challenging the
constitutionality of a rule that the supreme court has promulgated pursuant its
authority to regulate the practice of law does not infringe on the supreme court’s
inherent regulatory powers, and a lower court would thus have subject-matter
jurisdiction to entertain it. Id.; accord State Bar of Tex. v. Jefferson, 942 S.W.2d 575,
576 (Tex. 1997) (“The two lawyers raise a number of complaints in this case,
including the contention that the Texas Rules of Disciplinary Procedure are
unconstitutional. To the extent that resolution of these issues does not interfere with
a specific grievance proceeding, the district court has jurisdiction to address them.”). 
“The important distinction” between a suit challenging the constitutionality of a rule
that the supreme court has promulgated and one that seeks impermissibly to infringe
on the supreme court’s regulatory powers over the practice of law “is that in the
former case, the district court would not be cast in the impermissible role of
effectively promulgating policies and regulations governing Texas lawyers.” Gomez,
891 S.W.2d at 246. Such a constitutional challenge presents a justiciable controversy
because “the district court would be capable of rendering a judgment that accords the
parties complete relief . . . .” Id.
D.      Application of the Law to Goldberg’s Challenges
          Although Goldberg’s petitions alleged declaratory-judgment and due-course-of-law claims,


 what he really sought was to regain his law license—based upon his
understanding of the effect of the discharge-dismissal order—without his having to
pursue reinstatement, including the five-year waiting period required by Texas Rule
of Disciplinary Procedure 11.01. See In re State Bar of Tex., 113 S.W.3d at 734 (in
suit for declaratory judgment, construing order declaring BODA judgment of
suspension void to be order that, in effect, revoked BODA suspension judgment,
which type of order trial court lacked jurisdiction to render). Given this purpose and
understanding of the discharge-dismissal order, Goldberg phrased his request for
relief in terms of restoration of the license that he had lost through disbarment, rather
than in terms of his reinstatement to the practice of law (and the issuance of a new
law license) after disbarment. His requested relief necessarily included a declaration
that the supreme court, or its administrative agencies, take all necessary actions to
allow him to practice law again. 
          For example, Goldberg alleged that he was “entitled to a declaratory judgment
immediately restoring his Texas Law License . . . as the criminal conviction is a legal
nullity.” He continued: “[Petitioner] seeks a declaratory judgment that his law license
should be restored by the Respondents . . . .” (Emphasis added.) His appellate
briefing likewise acknowledges that, after the issuance of the declaration that he
seeks, “the Texas Supreme Court [would] then issue[] the law license . . . respect[ing]
and act[ing] in accordance with the rule of law.” (Emphasis added.) That same
briefing also asserts, “Due Process is denied when the Appellees refuse to use the
Goldberg Cuellar order to restore the same law license which was revoked solely
based upon a criminal conviction which has been nullified . . . .” (Emphasis added.) 
These allegations and briefing show that what Goldberg sought was an order
requiring the supreme court or its administrative bodies to “revive” the same law
license that he had previously lost through disbarment. The same may be said about
his request for a declaration of the disbarment judgment’s invalidity: such a
declaration is not self-effectuating, but requires (as Goldberg’s pleadings and briefing
themselves indicate) further orders to some administrative body of the supreme court.
          The supreme court’s rules do not allow for the restoration of a law license to
a disbarred attorney without his applying for reinstatement. See Tex. R.
Disciplinary P. 11.01, 11.06, 11.07. Therefore, the trial court’s granting Goldberg
the relief that he requested would be a usurpation of the supreme court’s exclusive
authority to regulate the practice of law, specifically, its authority to regulate the
licensure, discipline, disbarment, and reinstatement of attorneys licensed in Texas. 
See Gomez, 891 S.W.2d at 246. Because the district court had no power to grant
relief that interfered with this exclusive authority of the supreme court, the case did
not present a justiciable controversy, and the trial court properly determined that it
lacked subject-matter jurisdiction to consider the claim. See id. 
          Likewise, Goldberg’s constitutional claim was not based on an assertion that
rule 11.01 (or the reinstatement procedure generally) was unconstitutional. Rather,
he alleged that “Respondents are violating and/or denying the rights of the Petitioner
by refusing to restore his valuable law license after his criminal conviction was
nullified and his guilty plea withdrawn,” and he sought declarations that his “law
license should be restored by the Respondents” and that “a law license is a valuable
right of the Petitioner which the Respondents have denied and should be restored.” 
(Emphasis added.) As with Goldberg’s requests for declaratory relief, these
allegations seek to interfere with the administrative authority granted solely to the
supreme court to discipline and to readmit attorneys—that is, it is an attempt to alter
the rules applicable to Goldberg’s disciplinary disbarment and reinstatement—rather
than being challenges to the constitutionality of the rules generally. That type of
claim is impermissible because it impinges on the supreme court’s “exclusive
authority to regulate the practice of law.” See Gomez, 891 S.W.2d at 246. Compare
Jefferson, 942 S.W.2d at 576 (“To the extent that resolution of these issues
[concerning the constitutionality of the Texas Rules of Disciplinary Procedure] does
not interfere with a specific grievance proceeding, the district court has jurisdiction
to address them.”) (emphasis added).
          We hold that, because Goldberg’s suit presented no justiciable controversy
(regardless of how his claims were phrased), the trial court lacked jurisdiction over
it. We further hold that, because the trial court lacked subject-matter jurisdiction over
Goldberg’s suit, it did not err in granting appellees’ jurisdictional plea. 
          We overrule issue one.
Failure to Enter Findings of Fact and Conclusions of Law
          In issue two, Goldberg argues that the trial court erred by not filing findings of
fact and conclusions of law. 
          Although findings of fact and conclusions of law can be entered after a ruling
on a jurisdictional plea if there has been an evidentiary hearing, a party cannot compel
their preparation.


 See Tex. R. Civ. P. 296 (allowing party to request findings of fact
and conclusions of law “[i]n any case tried in the district . . . court without a jury
. . . .”); IKB Industries (Nigeria) Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 442 (Tex.
1997) (“The purpose of Rule 296 is to give a party a right to findings of fact and
conclusions of law finally adjudicated after a conventional trial on the merits before
the court. In other cases findings and conclusions are proper, but a party is not
entitled to them.”); Haddix Jr. v. Am. Zurich Ins. Co., No. 11-06-00107-CV, 2008
WL 885812, at *1 (Tex. App.—Eastland Apr. 3, 2008, no pet. h.) (applying cited rule
from IKB Industries (Nigeria) Ltd. to ruling on plea to jurisdiction).
          We overrule issue two.
 

Conclusion
          We affirm the judgment of the trial court.
 
 
Tim Taft
Justice

Panel consists of Justices Taft, Jennings, and Bland.

Justice Jennings, concurring.