**Petition for Writ of Mandamus Denied, Appeal Dismissed, and Memorandum Opinion Filed December 4, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00305-CV

---

**IN RE PERLINA HERNANDEZ**

ORIGINAL PROCEEDING
WRIT OF MANDAMUS

---

## NO. 14-13-01038-CV

---

**PERLINA HERNANDEZ, Appellant**

**V.**

**IDELFONSO TORRES, Appellee**

---

**On Appeal from the 310th District Court
Harris County, Texas
Trial Court Cause No. 2009-20864**

# MEMORANDUM OPINION

On the motion of appellant/relator Perlina Hernandez, we have consolidated an interlocutory appeal with a petition for writ of mandamus raising the same issues in the same case.

On August 20, 2013, Hernandez filed a motion for judgment nunc pro tunc asking the trial court to change the final divorce decree signed October 15, 2009, which ended the marriage of Hernandez and Idelfonso Torres. The trial court denied Hernandez's nunc pro tunc motion on October 14, 2013. An order denying a motion for judgment nunc pro tunc is not a final, appealable judgment. *See Shadowbrook Apartments v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990) (explaining that there is no direct appeal from the denial of a motion for judgment nunc pro tunc). Because there is no final appealable order in this case, we dismiss Hernandez's appeal (cause no. 14-13-01038-CV) for want of jurisdiction. *See Nohavitza v. Toman*, No. A14-94-00232-CV, 1994 WL 168240, at *1 (Tex. App.—Houston [14th Dist.] May 5, 1994, no pet.) (not designated for publication) (holding that denial of nunc pro tunc motion to change minor child's name in paternity decree was not final appealable order over which this court has jurisdiction).

Nevertheless, we have jurisdiction over Hernandez's petition for writ of mandamus, filed on April 24, 2014. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, Hernandez asks this Court to compel the Honorable Lisa Millard, presiding judge of the 310th District Court of Harris County, to grant her judgment nunc pro tunc and change the divorce decree to reflect that (1) relator Hernandez has the exclusive right to designate the primary residence of the children subject to the decree and (2) real-party-in-interest Torres is awarded a standard possession order.

Hernandez has not satisfied her burden to demonstrate her entitlement to the extraordinary relief of a writ of mandamus. *See In re State Bar of Tex.*, 113 S.W.3d 730, 733 (Tex. 2003) (orig. proceeding) ("'Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law.'" (quoting *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding))). Hernandez may file a motion to modify the possession order. *See* Tex. Fam. Code Ann. § 156.101. Thus, she has an adequate remedy at law. Accordingly, we deny relator's petition for writ of mandamus (cause no. 14-14-00305-CV).


PER CURIAM


Panel Consists of Justices McCally, Brown, and Wise.