## In re THOMPSON, COE, COUSINS, & IRONS, LLP, Relators.

No. 12–06–00257–CV.

Court of Appeals of Texas,
Tyler.

Jan. 24, 2007.

Alison H. Moore, John Sepehri, and Wade C. Crosnoe, Thompson, Coe, Cousins & Irons,LLP, Austin, for relator.

Charles H. Clark, Tyler, Gregory S. Porter, Houston, for real party in interest.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

SAM GRIFFITH, Justice.

Thompson, Coe, Cousins & Irons, L.L.P., filed a petition for writ of mandamus challenging the trial court's denial of its plea to the jurisdiction. The respondent is the Honorable Randall L. Rogers, Judge of County Court at Law No. 2, Smith County, Texas. Deep East Texas Self-Insurance Fund ("Deep East") is the real party in interest. We deny the petition.

### BACKGROUND

Deep East is an unincorporated association that provides worker's compensation insurance to its members. Cunningham Lindsey Claims Management, Inc. contracted with Deep East to handle workers' compensation claims beginning in the early 1970s. In 2003, Deep East sued Cunningham Lindsey. Cunningham Lindsey's liability insurer, American International Specialty Lines Insurance Company ("AISLIC"), retained Thompson Coe to defend Cunningham Lindsey.

Prior to trial, the parties entered into a "high-low" agreement. Representatives of both parties signed the agreement as did the attorneys for both parties. Under the terms of the agreement, the parties agreed to a bench trial with limited evidence. They further agreed that if the trial court entered judgment for Deep East or Cunningham Lindsey in an amount equal to or less than the remainder of Cunningham Lindsey's insurance under AISLIC's primary insurance policy, Deep East would be entitled to the amount remaining under that policy as its minimum recovery. Moreover, the terms of the agreement limited Deep East's maximum recovery to the amount of the trial court's judgment in excess of (a) the remaining primary policy limit[1] or (b) $6,000,000.00, whichever amount was greater. The matter proceeded to trial in June 2005, following which the trial court entered a judgment in favor of Deep East for $4,800,412.37.

Subsequently, a dispute arose between the parties concerning the amount owed to Deep East under the AISLIC policy. Among other contentions, Deep East claimed that the attorney's fees charged by Thompson Coe were excessive, and thereby improperly eroded the policy from which Deep East was entitled to recover.

In November 2005, Deep East sued Thompson Coe.[2] Deep East alleged that Thompson Coe charged excessive fees and expenses that resulted in the improper erosion of Deep East's recovery under the agreement. Deep East further alleged that Thompson Coe was a party to the agreement and breached its duty of good faith and fair dealing inherent in all contractual arrangements.

Thompson Coe filed a plea to the jurisdiction arguing that Deep East has no standing to sue Thompson Coe regarding fees Thompson Coe charged Cunningham Lindsey, to which Deep East responded. Following a hearing, the trial court denied Thompson Coe's plea to the jurisdiction. Thompson Coe subsequently filed a motion for reconsideration, which the trial court denied. Thereafter, Thompson Coe filed a petition for writ of mandamus in this court.

---

1. Cunningham Lindsey's primary insurance applied on an "eroding" basis, that is, costs incurred to defend Cunningham Lindsey depleted the policy's liability limits.

2. Cunningham Lindsey and AISLIC were also named as defendants, but are not parties to this proceeding.

### AVAILABILITY OF MANDAMUS

■ Mandamus will issue to correct a clear abuse of discretion where there is no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex.2005); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). The trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Id.* Pleas to the jurisdiction are generally considered incidental rulings for which appeal is an adequate remedy. *See In re State Bar of Tex.,* 113 S.W.3d 730, 734 (Tex.2003); *In re Christus Health,* No. 09–05–363–CV, 2005 WL 2450146, at *1 (Tex.App.-Beaumont Sept.22, 2005, orig. proceeding) (mem.op.). There are, however, noted exceptions to this general principle. *See, e.g., In re Entergy Corp.,* 142 S.W.3d 316, 321–22 (Tex.2004) (applying exception where Public Utility Commission of Texas had exclusive jurisdiction, because permitting a trial to go forward would interfere with the important legislatively mandated function and purpose of the Commission); *In re State Bar of Texas,* 113 S.W.3d at 734 (applying exception for interference with the authority of a state agency); *In re SWEPI, L.P.,* 85 S.W.3d 800, 808 (Tex. 2002) (applying exception for interference with the jurisdiction of another court).

■ A determination of adequacy of appeal as a remedy for an alleged clear abuse of discretion in a pretrial ruling involves a balance of jurisprudential considerations—including the distraction, expense, and delay attendant in interfering with trial court proceedings—on the one hand, and the preservation of important substantive and procedural rights on the other. *In re Christus Health,* 2005 WL 2450146, at *1 (citing *In re Prudential Ins.*

*Co. of America,* 148 S.W.3d 124, 136 (Tex. 2004)). Such a determination is not an abstract or formulaic one; it is practical and prudential. *Id.*

■ Nonetheless, an appellate remedy is not inadequate merely because it may involve more expense or delay. *See In re Prudential,* 148 S.W.3d at 136. We are not required to turn a blind eye to blatant injustice, nor are we required to be an accomplice to circumstances that amount to an irreversible waste of judicial and public resources. *See id.* at 136–37. Whether an appellate remedy is adequate so as to preclude mandamus review depends heavily on the circumstances presented. *Id.* at 137.

Since the supreme court in *In re Prudential* elaborated on the meaning of the term "adequate remedy by appeal," several of our sister courts of appeals have considered the issue of whether there exists an adequate remedy by appeal in cases involving the denial of a party's plea to the jurisdiction. *See, e.g., In re Continental Cas. Co.,* No. 13–06–457–CV, 2006 WL 3391106 (Tex.App.-Corpus Christi Nov.21, 2006, orig. proceeding) (mem.op.); *In re Christus Health,* 2005 WL 2450146; *In re Tex. Mut. Ins. Co.,* No. 05–05–00944–CV, 2005 WL 1763562 (Tex. App–Dallas July 27, 2005, orig. proceeding) (mem.op.); *In re Tex. Dep't of Family & Protective Serv's,* No. 04–04–00834, 2004 WL 2965434 (Tex.App.-San Antonio Dec.22, 2004, orig. proceeding.) (mem.op.); *In re Hobbs,* No. 01–04–01069–CV, 2004 WL 2677455 (Tex. App.-Houston [1st Dist.] Nov. 23, 2004, orig. proceeding) (mem.op.). Of the courts that have recently considered this issue, only one determined that there was no adequate remedy by appeal. *See In re Tex. Mut. Ins. Co.,* 2005 WL 1763562, at *3. In reaching this conclusion, the Dallas court emphasized that the Texas Worker's Compensation Commission had exclusive jurisdiction over the plaintiff's claims and

the plaintiff had failed to exhaust his administrative remedies. *Id.* Therefore, the trial court was without subject matter jurisdiction over the lawsuit. Relying on *In re Entergy Corp,* the court held that the denial of the relator's plea to the jurisdiction constituted an abuse of discretion. *See In re Tex. Mut. Ins. Co.,* 2005 WL 1763562, at *3 (citing *In re Entergy Corp.,* 142 S.W.3d at 321–22).

Though *In re Entergy* was decided approximately two months before *In re Prudential,* it is instructive as to what circumstances will qualify as an exception to the long standing principle that there exists an adequate remedy by appeal when a trial court denies a plea to the jurisdiction. *See In re Entergy,* 142 S.W.3d at 321–22. Specifically, the supreme court stated as follows:

> In certain circumstances, we have recognized that incidental trial court rulings can be corrected by writ of mandamus (citations omitted).

> In each of these instances, the Court exercised its jurisdiction not merely because inaction would have caused hardship to the parties, but because special, unique circumstances mandated the Court's intervention. Here, the possibility that Entergy will be forced to endure the "hardship" of a full-blown trial if we decline to issue a writ of mandamus is, in itself, not sufficient to dictate mandamus relief. But Entergy's hardship is not the only factor we consider in deciding whether mandamus is appropriate. We must also consider that if Entergy is correct in its assertion that the [Commission] has exclusive jurisdiction, permitting a trial to go forward would inter-

fere with the important legislatively mandated function and purpose of the [Commission]. *Cf. State v. Sewell,* 487 S.W.2d 716, 719 (Tex.1972) (granting mandamus to vacate injunction barring Grievance Committee proceedings because injunction was "an interference with the grievance procedures authorized by ... the State Bar Act" and restating that mandamus may be appropriate when "the orderly processes of government" are disturbed); *U.S. Alkali Export Ass'n v. U.S. Alkali Calif. Export Ass'n,* 325 U.S. 196, 203–04, 65 S.Ct. 1120, 1125–26, 89 L.Ed. 1554 (1945) (concluding that extraordinary writ would be appropriate to correct federal district court's denial of motion to dismiss complaint if Federal Trade Commission had jurisdiction). In short, if the [Commission] has exclusive jurisdiction in this dispute, the judicial appropriation of state agency authority would be a clear disruption of the "orderly processes of government." This disruption, coupled with the hardship imposed on Entergy by a postponed appellate review, warrants an exception to our general proscription against using mandamus to correct incidental trial court rulings.

*In re Entergy Corp.,* 142 S.W.3d at 321–22.

■ In the instant case, there is no issue that another body, either administrative or judicial, has exclusive jurisdiction over this matter. Thompson Coe argues that the benefit of considering the matter by mandamus rather than on appeal is the avoidance of the "utter waste of private and judicial resources in trying a case that would be reversed on appeal." [3] We iter-

---

3. Much of the argument in Thompson Coe's brief relates to its contention that the instant case presents extraordinary circumstances due to the fact that for Thompson Coe to properly defend itself, it would have to reveal confidential client communications. Subse-

quent to filing its petition for writ of mandamus, Thompson Coe informed the court that its client and codefendant, Cunningham Lindsey Claims Management, Inc., had agreed to waive its attorney-client privilege.

ate that an appellate remedy is not inadequate merely because it may involve more expense or delay. *See In re Prudential,* 148 S.W.3d at 136. But as the court noted in *In re Prudential,* the word "merely" carries heavy freight. *Id.* The court illustrated its point by discussing cases where expense and delay greatly exceeded the norm. *See id.* at 136–37 (citing *In re E.I. duPont de Nemours & Co.,* 92 S.W.3d 517, 523–24 (Tex.2002) (court concluded that defending the claims of more than 8,000 plaintiffs in litigation that would last for years was not "mere" expense and delay even though duPont could eventually appeal and did not appear to be in any danger of succumbing to the burden of the litigation); *In re Masonite Corp.,* 997 S.W.2d 194, 195–98 (Tex.1999) (court concluded that defendants were not required to wait until appeal to complain where the trial court, on its own motion and without any authority whatever, split two cases into sixteen and transferred venue of fourteen of them to other counties); *Travelers Indemnity Co. v. Mayfield,* 923 S.W.2d 590, 595 (Tex.1996) (court concluded that carrier could have appealed from the final judgment and won recovery for the amounts paid, but because the trial court's order not only cost the carrier money, but "radically skew[ed] the procedural dynamics of the case[,]" mandamus review was appropriate)).

Here, although Thompson Coe will undoubtedly face further expense and delay by participating in a trial before being able to raise the issue of Deep East's standing, the burden does not rise to the level of the extraordinary circumstances illustrated in *In re Prudential. See also In re Entergy Corp.,* 142 S.W.3d at 321–22 ("[T]he possibility that the relator will be forced to endure the 'hardship' of a full-blown trial if we decline to issue a writ of mandamus is, in itself, not sufficient to dictate mandamus relief"). Accordingly, we hold that Thompson Coe is not entitled to manda-

mus relief because it has an adequate remedy by appeal.

## DISPOSITION

Having held that Thompson Coe has an adequate remedy by appeal, we need not address whether the trial court abused its discretion in denying Thompson Coe's plea to the jurisdiction. Thompson Coe's petition for writ of mandamus is *denied.*