

# NUMBER 13-13-00697-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE FIRST MERCURY INSURANCE COMPANY

## On Petition for Writ of Mandamus.

## OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Opinion by Justice Rodriguez[1]

By petition for writ of mandamus, First Mercury Insurance Company ("First Mercury") contends that the trial court abused its discretion by denying First Mercury's plea to the jurisdiction because, in Texas, an injured party generally cannot sue the tortfeasor's insurer directly until the tortfeasor's liability has been finally determined by

---

[1] See TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); see id. R. 47.4 (distinguishing opinions and memorandum opinions).

agreement or judgment, and this prerequisite has not been met in the case below.[2]  We conditionally grant mandamus relief.

## I. BACKGROUND

Real parties in interest, Esteban Hurtado, Gerardo Hurtado, San Juanita Davila, and Cristela Hurtado, individually and as next friend of Juan Luis Huerta III, Misael Alejandro Huerta, and Britney Anaid Huerta, brought suit against Adrian Garcia d/b/a Magnum Force Security, First Mercury, and the administratrix of the estate of Juan Jose Gamez, deceased, and his heirs at law (the "Gamez parties") for the wrongful deaths of Alma Rosa Huerta and Juan Jose Gamez.[3]  According to the real parties' third amended petition, Juan Luis Huerta, who was working as a security guard for Magnum Force Security, shot and killed his wife, Alma, and Juan Jose Gamez with the service weapon that Garcia provided to Huerta in the course and scope of Huerta's employment.  The real parties alleged that Garcia was negligent in hiring Huerta and providing him with a weapon because Huerta was a convicted felon.

The real parties' causes of action against Garcia included, inter alia, negligence, negligence per se, strict liability, and negligent entrustment.  The real parties brought a cause of action for fraud against First Mercury and the Gamez parties on grounds that First Mercury and the Gamez parties had "secretly made arrangements to settle" their

---

[2] The underlying lawsuit was originally filed in County Court at Law No. 2 of Hidalgo County, Texas, the Honorable Jay Palacios presiding.  The lawsuit was thereafter transferred to County Court at Law No. 8 of Hidalgo County, Texas, the Honorable Rolando Cantu presiding.  Judge Cantu is the respondent in this original proceeding.  *See* TEX. R. APP. P. 52.2.

[3] The underlying cause has previously generated a separate original proceeding and two appeals. *See In re First Mercury Ins. Co.*, No. 13-13-00469-CV, 2013 WL 6056665 (Tex. App.—Corpus Christi Nov. 13, 2013, orig. proceeding); *Hurtado v. Gamez*, No. 13-11-00354-CV, 2012 WL 2052199 (Tex. App— Corpus Christi June 7, 2012, pet. denied) (mem. op.); *Hurtado v. Gamez*, No. 13-10-00158-CV, 2011 WL 332766 (Tex. App.—Corpus Christi Feb. 3, 2011, no pet.) (mem. op. per curiam).

2

claims without including the real parties and that First Mercury had "engaged in fraudulent conduct by inducing [p]laintiffs to believe their claims were going to be properly handled." First Mercury insured Magnum Force Security for the relevant policy period and had previously paid the policy proceeds to the Gamez parties, thereby exhausting the insurance coverage available to satisfy the real parties' claims.

On January 25, 2013, First Mercury filed a plea to the jurisdiction and motion to dismiss for lack of jurisdiction. First Mercury contended that the trial court lacked subject matter jurisdiction over the lawsuit because: First Mercury was not directly liable to the real parties; Texas law prohibits joining an insurer in the same lawsuit in which a plaintiff seeks damages from the insured; and the insurance policy at issue prohibits any actions against the insurance company "until the underlying tort suit is completed." In this regard, the First Mercury insurance policy contained a "no action" clause providing that no person or organization has a right to "join us as a party or otherwise bring us into a 'suit' asking for damages from an insured; or . . . sue us on this [policy] unless all of its terms have been fully complied with." On November 7, 2013, the trial court denied the plea to the jurisdiction.

This original proceeding ensued. By two issues, First Mercury contends that the trial court abused its discretion in denying the plea to the jurisdiction and First Mercury lacks an adequate remedy by appeal.[4] More specifically, First Mercury contends that a tort claimant in Texas cannot assert a direct claim against the tortfeasor's liability insurer

---

[4] We note that the Texas Supreme Court is currently considering this same or a similar issue in its cause number 13-1006, arising from *In re Essex Ins. Co.,* No. 04-13-00863-CV, 2013 WL 6672818, at *1 (Tex. App.—San Antonio Dec. 18, 2013, orig. proceeding [mand. pending]). According to the petition for writ of mandamus that was filed in the supreme court in that case, the trial court denied relator insurance company's motion to dismiss for want of jurisdiction. The relator contends that the trial court is "allowing a direct action against a tort defendant's defending insurer and an insured to pursue moot or premature coverage claims in the same lawsuit as the underlying tort claims."

3

until the insured tortfeasor is adjudged liable to the tort claimant. The Court requested and received a response to the petition for writ of mandamus from the real parties in interest, and further received a reply to the response from First Mercury.

## II. STANDARD OF REVIEW

Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Frank Motor Co.*, 361 S.W.3d 628, 630–31 (Tex. 2012) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *In re Gen. Elec. Co.*, 271 S.W.3d 681, 685 (Tex. 2008) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). "A trial court has no discretion in applying the law to the facts or determining what the law is." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135.

The adequacy of a remedy by law "has no comprehensive definition." *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding). We assess the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re State*, 355 S.W.3d 611, 614–15 (Tex. 2011) (orig. proceeding); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). In performing this balancing, we look at a number of factors, including whether mandamus review "will spare litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re State*, 355 S.W.3d at 615 (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136). As this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008)

(orig. proceeding). We further consider whether mandamus will allow the court "to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *In re Team Rocket, L.P.*, 256 S.W.3d at 262.

As a general rule, mandamus relief will not issue to correct an incidental trial court ruling, such as a plea to the jurisdiction, when there is a remedy by appeal. *See In re Puig*, 351 S.W.3d 301, 306 (Tex. 2011) (orig. proceeding)*; In re Entergy Corp.*, 142 S.W.3d 316, 320 (Tex. 2004) (orig. proceeding); *In re State Bar of Tex.*, 113 S.W.3d 730, 734 (Tex. 2003) (orig. proceeding); *In re Bay Area Citizens Against Lawsuit Abuse*, 982 S.W.2d 371, 375 (Tex. 1998) (orig. proceeding); *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 306, 308–09 (Tex. 1994) (orig. proceeding); *Hooks v. Fourth Ct. of App.*, 808 S.W.2d 56, 59 (Tex. 1991) (orig. proceeding); *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex. 1990); *Abor v. Black*, 695 S.W.2d 564, 566–67 (Tex. 1985) (orig. proceeding).[5] As stated by the Tyler Court of Appeals in 2007, the majority of cases considering the propriety of mandamus relief regarding the denial of pleas to the jurisdiction after *In re Prudential* have determined that appeal provides an adequate remedy. *In re Thompson, Coe, Cousins, & Irons, LLP*, 212 S.W.3d 918, 920 (Tex. App.—

---

[5] This general rule has been reiterated and applied in several recent memorandum opinions. *See also In re Ricks*, No. 04-13-00864-CV, 2014 WL 61038, at *1 (Tex. App.—San Antonio Jan. 8, 2014, orig. proceeding) (mem. op. per curiam) ("The Supreme Court has consistently held that an appellate court lacks jurisdiction to issue writs of mandamus to supervise or correct incidental rulings of a trial judge when there is an adequate remedy by appeal."); *In re Big Mountain Trading Co.*, No. 01-12-01134-CV, 2013 WL 2106378, at *3 (Tex. App.—Houston [1st Dist.] May 14, 2013, orig. proceeding) (mem. op. per curiam) ("Generally, mandamus is not available to control the incidental rulings of a trial court, such as rulings on pleas in abatement."); *In re Trockman*, No. 07-11-00364-CV, 2012 WL 554999, at *2 (Tex. App.—Amarillo Feb. 21, 2012, orig. proceeding) (mem. op.) ("A trial court's order on motions such as pleas to the jurisdiction of the court, pleas in abatement, motions to dismiss, and special exceptions are considered incidental rulings for which relator has an adequate remedy by appeal."); *In re Sherer*, No. 06-11-00045-CV, 2011 WL 2175860, at *3 (Tex. App.—Texarkana May 27, 2011, orig. proceeding) (mem. op.) ("Appeal is generally an adequate remedy for errors in subject-matter jurisdiction, but mandamus may be justified in extraordinary circumstances.").

Tyler 2007, orig. proceeding) (discussing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136).

There are nevertheless several exceptions to this general prohibition against mandamus review of a trial court's order denying a plea to the jurisdiction. In short, a remedy by appeal may be an inadequate remedy when there are extraordinary circumstances present. *In re Bay Area Citizens Against Lawsuit Abuse*, 982 S.W.2d at 375; *Bell Helicopter*, 787 S.W.2d at 955. For example, mandamus is available to resolve a denial of a plea to the jurisdiction when one court actively interferes with the exercise of jurisdiction by a court possessing dominant jurisdiction, *see In re Puig*, 351 S.W.3d at 306; when a claimant has failed to exhaust administrative remedies, thus threatening disruption of the orderly processes of government, *see In re Liberty Mut. Fire Ins. Co.*, 295 S.W.3d 327, 328 (Tex. 2009) (orig. proceeding) (per curiam); when an agency of the government possesses exclusive jurisdiction over the dispute, *see In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); or when the size and complexity of the litigation indicate that it may be a prudent use of judicial resources to permit a preliminary resolution. *See In re E.I. du Pont de Nemours & Co.*, 92 S.W.3d 517, 524 (Tex. 2002) (orig. proceeding).

In the instant case, First Mercury contends that it lacks an adequate remedy by appeal because the trial court's lack of subject matter jurisdiction affects its "constitutional right." *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012) ("Standing is a constitutional prerequisite to maintaining suit."). First Mercury further points to *In re American National County Mutual Insurance Co.* in support of its contention that mandamus relief is appropriate to correct the trial court's denial of the plea. *See* 2013

6

WL 476824, at **1–2 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding) (mem. op. per curiam). In that case, a mother brought suit against several defendants for the alleged wrongful death of her daughter. *Id.* at *1. The mother later amended her petition to include a declaratory action against the defendants' insurance companies to determine their obligation to indemnify the defendants. *Id.* The insurance companies filed a plea to the jurisdiction on grounds that there had been no finding that the defendants were liable to the mother. *Id.* The trial court denied the plea to the jurisdiction, and the insurers filed a petition for writ of mandamus. *Id.* The Fourteenth Court of Appeals concluded that the mother could not enforce the policy against the insurers "until it has been established, by final judgment or agreement, that the [defendants] have a legal obligation to pay damages to her." *See id.* The court reasoned that:

> Because there is currently no obligation for the [defendants] to pay [the mother] damages, [the mother] cannot demonstrate a reasonable likelihood that her claims against [the insurers] will soon ripen in the case under review, and these claims must be dismissed for lack of subject matter jurisdiction. . . . There can be no justiciable controversy regarding the insurers' duty to indemnify before a judgment has been rendered against an insured . . . . We therefore find the trial court lacks subject matter jurisdiction as to [the mother's] claims against [the insurers].

*Id.* The court concluded that the insurance companies were entitled to mandamus relief. *Id.* at *2.

### III. APPLICABLE LAW & ANALYSIS

"Texas is not a direct action state." *Jones v. CGU Ins. Co.*, 78 S.W.3d 626, 629 (Tex. App.—Austin 2002, no pet.); *see Ohio Cas. Ins. Co. v. Time Warner Entm't Co.*, 244 S.W.3d 885, 888 (Tex. App.—Dallas 2008, pet. denied). In Texas, an injured party generally cannot sue the tortfeasor's insurer directly until the tortfeasor's liability has been finally determined by agreement or judgment. *Aviles v. Aguirre*, 292 S.W.3d 648, 649

7

(Tex. 2009); *Angus Chem. Co. v. IMC Fertilizer, Inc.*, 939 S.W.2d 138, 138 (Tex. 1997) (per curiam); *Reule v. Colony Ins. Co.*, 407 S.W.3d 402, 410 (Tex. App.—Houston [14th Dist.] 2013, pet. denied), *United Fire Lloyds v. Tippin*, 396 S.W.3d 733, 736 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Farmers Ins. Exch. v. Rodriguez*, 366 S.W.3d 216, 223 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). In other words, although a party injured by the insured is a third-party beneficiary of a liability insurance policy, the injured party cannot enforce the policy directly against the insurer until it has been established that the insured has a legal obligation to pay damages to the injured party. *State Farm Cnty. Mut. Ins. Co. of Tex. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989) (per curiam); *Farmers Ins. Exch.*, 366 S.W.3d at 223. "The roots of the no-direct-action rule seem to lie in the no-action clause commonly found in liability insurance policies," such as the no-action clause found in this case. *Ohio Cas. Ins. Co.*, 244 S.W.3d at 888–89; *see, e.g., Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 801 (Tex. 1992); *Great Am. Ins. Co. v. Murray*, 437 S.W.2d 264, 265 (Tex. 1969). There is also a public policy basis for the rule, which is the prevention of the conflict of interest that could arise if a third-party claimant were permitted to sue an insurer before obtaining judgment against the insured. *Ohio Cas. Ins. Co.,* 244 S.W.3d at 288–89; *Cessna Aircraft Co. v. Aircraft Network, L.L.C.*, 213 S.W.3d 455, 460 (Tex. App.—Dallas 2006, pet. denied). The "no direct action" rule pertains to standing because there is no justiciable controversy until the liability of the insured has been established. *Farmers Ins. Exch.*, 366 S.W.3d at 223; *Ohio Cas. Ins. Co.*, 244 S.W.3d at 888–89; *Jones*, 78 S.W.3d at 629; *see also Owens v. Allstate Ins. Co.*, 996 S.W.2d 207, 208–09 (Tex. App.—Dallas 1998, pet. denied).

Based on the foregoing, the real parties do not have a direct claim against relator until it is established, by final judgment or agreement, that Garcia and Magnum Force are liable to the real parties in interest. *See Aviles*, 292 S.W.3d at 49; *Angus Chem. Co.*, 939 S.W.2d at 138; *Reule*, 407 S.W.3d at 410. Until this prerequisite is met, the real parties lack standing and their claims are not ripe for adjudication. *United Fire Lloyds*, 396 S.W.3d at 734; *Farmers Ins. Exch.*, 36 S.W.3d at 219; *Ohio Cas. Ins. Co.*, 244 S.W.3d at 888. Accordingly, we conclude that the trial court abused its discretion in denying First Mercury's plea to the jurisdiction.

We further conclude that this case presents extraordinary circumstances that prevent First Mercury from having an adequate remedy by appeal. To allow the premature adjudication of contingent situations would "eschew the ripeness doctrine" and "create an impermissible advisory opinion." *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 852 (Tex. 2000); *see Farmers Ins. Exch.*, 366 S.W.3d at 223; *see also Am. Nat. Cnty. Mut. Ins. Co.*, 2013 WL 47824, at *1. Allowing the real parties to proceed simultaneously against First Mercury and its insured would create potential conflicts of interest for First Mercury because its insured's interests are adverse to those of the third party claimants, the real parties herein, and if First Mercury owed a duty to the real parties in interest, its duties to its insured would necessarily be compromised. *See Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 279–80 (Tex. 1995); *Ohio Cas. Ins. Co.,* 244 S.W.3d at 288–89; *Cessna Aircraft Co.*, 213 S.W.3d at 460. Further, the introduction of evidence of insurance into the trial of the negligence claims, including evidence pertaining to the settlements, would have the potential to unfairly prejudice the rights of Garcia and Magnum Force to have their liability determined without the mention of insurance. *See*

9

*Walker*, 827 S.W.2d at 843 (holding that "appeal will not be an adequate remedy where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised" by the trial court's erroneous ruling).

## IV. CONCLUSION

First Mercury has met its burden to show that the trial court abused its discretion in failing to grant its plea to the jurisdiction and that it lacks an adequate remedy by appeal. Accordingly, we lift the stay previously imposed in this case. We conditionally grant the petition for writ of mandamus, and we direct the trial court to set aside its November 7, 2013 order and render an order granting First Mercury's plea to the jurisdiction. The writ will issue only if the trial court fails to act in accordance with this opinion.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
23rd day of May, 2014.