

# NUMBER 13-14-00331-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE OLD AMERICAN MUTUAL FIRE INSURANCE COMPANY

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes**
**Memorandum Opinion Per Curiam[1]**

Relator, Old American County Mutual Fire Insurance Company, filed a petition for writ of mandamus in the above cause on June 17, 2014 through which it contends that the trial court erred in denying its motion to dismiss a declaratory judgment action filed by Freedom Communications, Inc. d/b/la The Brownsville Herald ("Freedom Communications") because Freedom Communications lacks standing to pursue a

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

declaratory judgment action against relator. The Court has requested and received a response to the petition for writ of mandamus from Dalia Garcia and Fructuoso Saenz, and has also received a response from Freedom Communications.

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). This burden is a heavy one. *See In re Epic Holdings, Inc.*, 985 S.W.2d 41 (Tex. 1998) (orig. proceeding). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *In re Gen. Elec. Co.*, 271 S.W.3d 681, 685 (Tex. 2008) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). We assess the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re State*, 355 S.W.3d 611, 614–15 (Tex. 2011) (orig. proceeding); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met its burden to obtain mandamus relief. Specifically, relator has not shown that this case presents extraordinary circumstances which compel mandamus review. *See In re Puig*, 351 S.W.3d 301, 306 (Tex. 2011) (orig. proceeding); *In re Entergy Corp.*, 142 S.W.3d 316, 320 (Tex. 2004) (orig. proceeding); *In re State Bar of Tex.*, 113 S.W.3d 730, 734 (Tex. 2003) (orig. proceeding); *In re Bay Area Citizens Against Lawsuit Abuse*, 982 S.W.2d 371, 375 (Tex.

1998) (orig. proceeding); *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 306, 308–09 (Tex. 1994) (orig. proceeding); *Hooks v. Fourth Ct. of App.*, 808 S.W.2d 56, 59 (Tex. 1991) (orig. proceeding); *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex. 1990); *Abor v. Black*, 695 S.W.2d 564, 566–67 (Tex. 1985) (orig. proceeding); *see In re Thompson, Coe, Cousins, & Irons, LLP*, 212 S.W.3d 918, 920 (Tex. App.—Tyler 2007, orig. proceeding). In so holding, we note that the facts and circumstances herein differ from other cases in which an appellate remedy has been determined to be inadequate for the denial of a plea to the jurisdiction. *See, e.g., In re First Mercury Ins. Co.*, No. 13-13-00697-CV, 2014 WL _____, at **__ (Tex. App.—Corpus Christi May 23, 2014, orig. proceeding); *In re Am. Nat'l Cnty. Mut. Ins. Co.*, No. 14–12–01135–CV, 2013 WL 476824, at **1–2 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding) (mem. op. per curiam). Accordingly, the stay previously imposed by this Court is LIFTED. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). The petition for writ of mandamus is DENIED. *See id.* R. 52.8(a).

PER CURIAM

Delivered and filed the
7th day of July, 2014.

3