**DENY; and Opinion Filed May 17, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00332-CV

### IN RE ANTHONY R. SANDERS, Relator

**Original Proceeding from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-56252-2012**

## MEMORANDUM OPINION
Before Justices Francis, Fillmore, and Stoddart
Opinion by Justice Fillmore

Relator, father of a nine-year old child who is subject of a suit affecting the parent-child relationship (SAPCR), contends the trial court in which the SAPCR is pending improperly denied his plea to the jurisdiction. In this petition for writ of mandamus, father requests we vacate the trial court's order denying his plea to the jurisdiction, vacate any temporary orders for child support, and enter an order dismissing mother's SAPCR petition for lack of subject-matter jurisdiction. We deny relator's petition for writ of mandamus.

### Background

Father and mother's child was born while they were married and living in Colorado. Father and mother were divorced in 2008. In early 2012, mother and the child moved to Texas. Father contends his residence has remained in Colorado at all times since the divorce. In early 2014, father and mother entered into a stipulated order in Colorado addressing custody and certain expenses related to the child. In October 2015, mother filed a SAPCR in Texas seeking

to require father to pay child support.  Father contends the controlling child support order was issued in the state of Colorado, and because he still resides in Colorado, only a court in Colorado may modify the child support obligation.  *See Office of Atty. Gen. of Tex. v. Long*, 401 S.W.3d 911, 913 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("Once a court having jurisdiction enters a support decree, that court becomes the only tribunal authorized to modify the decree for as long as it retains jurisdiction.  A court retains its jurisdiction under the [Uniform Interstate Family Support Act (UIFSA)] if at least one person affected by the decree still resides in the issuing state.") (internal citations omitted); *see also* TEX. FAM. CODE ANN. § 159.205(a) (West Supp. 2015).[1]  Mother asserts father has sufficient contacts with Texas to be subject to personal jurisdiction and that the order of the Colorado court is not a child support order under the UIFSA.  *See* TEX. FAM. CODE ANN. §§ 159.001–.901 (West 2014 & Supp. 2015).

### Analysis

The trial court's written order overruling father's plea to the jurisdiction is the basis for father's petition for writ of mandamus.[2]  Ordinarily, to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate

---

[1] According to the Colorado court's February 6, 2014 minute order, which sets forth father and mother's stipulated agreement, neither party requested child support at that time because they shared custody equally.  The agreed order addresses responsibility for a number of items that relate to support of the child, such as transportation and the child's medical, extracurricular activity, and health insurance expenses.  A "child support order" is "a support order for a child, including a child who has attained the age of majority under the law of the issuing state or foreign country."  TEX. FAM. CODE ANN. § 159.102(2) (West Supp. 2015).  A "support order" includes an order issued in a state or foreign country for the benefit of a child, spouse, or former spouse "that provides for monetary support, health care, arrearages, retroactive support, or reimbursement for financial assistance provided to an individual obligee in place of child support."  *Id*. § 159.102(28).  Mother argues that the Colorado decree of dissolution of marriage, the February 6, 2014 minute order, which implemented the stipulated agreement, and a May 7, 2014 order approving the minute order, which states neither party was requesting child support at the time, are not "child support orders" under the UIFSA.  *See Medrick v. Rutherford*, No. 05-00-01102-CV, 2001 WL 840609, at *2 (Tex. App.—Dallas July 26, 2001, no pet.) (not designated for publication) (sister court that has jurisdiction over the parties in establishing custody and possession retains continuing jurisdiction over issue of child support even though sister state court did not initially award child support).

[2] The record contains no signed order requiring payment of child support.  Mandamus actions based upon a court's oral pronouncements are generally discouraged.  *In re Bledsoe,* 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding).  An oral order by a trial judge may be considered on mandamus only if it is adequately shown by the trial court record.  *In re Winters,* No. 05–08–01419–CV, 2008 WL 4816379, at *1 (Tex. App.—Dallas Nov. 6, 2008, orig. proceeding) (mem. op.).  An oral ruling is subject to mandamus review only if it is clear, specific, and enforceable.  *Bledsoe,* 41 S.W.3d at 811; *see also In re Kelton,* No. 12–11–00355–CR, 2011 WL 5595219, at *1 (Tex. App.—Tyler Nov. 17, 2011, orig. proceeding) (mem. op., not designated for publication) (oral ruling is not subject to mandamus review unless the ruling is clear, specific, enforceable, and adequately shown by the record).  An appellate court can determine whether an oral order meets these criteria by reviewing the reporter's record from the hearing.  *Bledsoe,* 41 S.W.3d at 811; *see also In re Winters,* 2008 WL 5177835, at *1.  Here, the trial court's oral ruling concerning child support does not meet these requirements.  The ruling was made in the context of discussion with father and it includes a requirement that the father pay a portion of the child's health insurance premium in an amount to be provided to relator in the future by mother's counsel.

appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

The trial court necessarily had jurisdiction to decide the issue of father's plea to the jurisdiction because courts always have jurisdiction to determine their own jurisdiction. *Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009). Rulings on pleas to the jurisdiction are considered incidental rulings. *See In re Entergy Corp.*, 142 S.W.3d 316, 320 (Tex. 2004) (orig. proceeding); *In re State Bar of Tex.*, 113 S.W.3d 730, 734 (Tex. 2003) (orig. proceeding); *In re Bay Area Citizens Against Lawsuit Abuse*, 982 S.W.2d 371, 375 (Tex. 1998) (orig. proceeding)*; Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex. 1990) (orig. proceeding). Absent extraordinary circumstances, appeal provides an adequate remedy for addressing incidental rulings, such as a ruling on a plea to the jurisdiction. *See In re First Mercury Ins. Co.*, 437 S.W.3d 34, 38 (Tex. App.—Corpus Christi 2014, orig. proceeding) (citing *In re Thompson, Coe, Cousins, & Irons, LLP,* 212 S.W.3d 918, 920 (Tex. App.—Tyler 2007, orig. proceeding)). Extraordinary circumstances do not exist merely because failure to grant mandamus review would cause hardship to the parties. *In re Entergy Corp.*, 142 S.W.3d at 321. Rather Texas courts grant mandamus relief, "because special, unique circumstances mandate[ ] the Court's intervention." *Id.* Such a special and unique circumstance that may justify mandamus review is a jurisdictional dispute between a Texas court and the court of another state that has led to conflicting child custody orders. *Geary v. Peavy*, 878 S.W.2d 602, 603 (Tex. 1994) (orig. proceeding); *see also In re State Bar*, 113 S.W.3d at 734 (exception to general rule that incidental rulings, including pleas to the jurisdiction, will not be reviewed by mandamus, arises when one court renders an order that directly interferes with another court's jurisdiction).[3]

---

[3] *See also In re Tex. Mut. Ins. Co.*, No. 05-05-00944-CV, 2005 WL 1763562, at *3 (Tex. App.—Dallas July 27, 2005, orig. proceeding) (mem. op.) (mandamus relief appropriate when trial court's actions interfere with an agency's exclusive jurisdiction and failure to grant relief would disturb the orderly process of government and interfere with the agency's legislatively mandated function).

However, here there are no currently conflicting written orders concerning either child support or custody.

We deny the petition for writ of mandamus.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

160332F.P05